(129 So. 281)

### ZEIDMAN v. HOMESTEAD SAVINGS & MORTGAGE CO.

6 Div. 673.

Supreme Court of Alabama.

June 19, 1930.

E. M. Zeidman, of Birmingham, for appellant.

Morris Loveman, of Birmingham, for appellee.

ANDERSON, C. J.

It is well settled in this state that even after the law day of the mortgage the mortgagor is entitled to the rents from the mortgaged premises until there has been an intervention by the mortgagee. Scott v. Ware, 65 Ala. 174; Johnston v. Riddle, 70 Ala. 219; Lehman Bros. v. Tallassee Co., 64 Ala. 567; Ohmer v. Boyer, 89 Ala. 273, 7 So. 663; Falkner v. Campbell Co., 74 Ala. 359.

In the case of Alabama National Bank v. Mary Lee Coal & Railway Co. et al., 108 Ala. 293, 19 So. 404, 407, the court, speaking through McClellan, J., said:

"The rule is well established in such cases that, until the mortgagee does actively intervene for the purpose of intercepting the rents, incomes, and profits of the mortgaged estate, these belong to the mortgagor, and upon such intervention after the law day, either by notice to tenants of the mortgagor to pay rents to the mortgagee by the latter's entry for condition broken, or by the appointment of a receiver at the suit of the mortgagor on a bill averring insufficiency of the mortgaged property to pay the debt and praying the interception of the rents for that purpose, such only of the rents, incomes, and profits as have not accrued,—such only as do accrue after such notice, or entry, or appointment of a receiver—may thus be intercepted, and be applied to the mortgage debt."

We gather from the foregoing that the methods for the interception of the rents, as there set out, are exclusive and not merely suggestive, and the appellee has failed to show a compliance with either of the prescribed methods. The notice to the rental agent of the maturity of the mortgage and a claim of the subsequently accrued rent, notwithstanding this notice was transmitted by said agent to the mortgagor, did not suffice. The intervention should have been "either" by notice to the tenant to pay the rent to the mortgagee by the latter's entry for condition broken, or by a bill for a receiver with the averment of the insufficiency of the mortgaged property to pay the debt.

The trial court erred in rendering judgment for the appellee claimant, and, as this case was tried by the court without a jury, the judgment of the circuit court is reversed, and one is here rendered for the plaintiff for the fund in question.

Reversed and rendered.

SAYRE, THOMAS, and BROWN, JJ., concur.