91 So.2d 703

### Sam J. BUZZANCA
### v.
### L. S. HAGWOOD.
### 6 Div. 35.

Supreme Court of Alabama.

Dec. 21, 1956.

Geo. E. Trawick, Birmingham, for appellee.

Wm. H. Ellis, Birmingham, for appellant.

PER CURIAM.

This is an action in the nature of ejectment by appellee against appellant for the recovery of a house and lot situated on the highway some 10 or 15 miles from Bessemer which had been owned and occupied by W. H. Brown. The case went to the jury on count 4 of the complaint which claimed the land and "damages in the amount of $10,000.00 for the detention

thereof, loss of mesne profits and damages to and waste of said land". The verdict of the jury, as read by a juror, was in the following language: "We, the jury, find the plaintiff is entitled to recover said property; and also find the amount of damage and amount of deterioration and rental $1700.00". As written in the judgment the damages are thus expressed: "the amount of damage and deterioration $1700.-00) (the amount of) ( . Rental)". Counsel treat this to mean that the specified amount includes rentals. There was a judgment for plaintiff for the land described in the complaint, "together with $1700.00, as damages for the wrongful detention thereof, together with the costs", etc.

W. H. Brown died May 23, 1954. Plaintiff claimed title to the property by assignments of a mortgage alleged to have been executed by said Brown to W. C. Lloyd, reciting a loan of $8,000, for which it was security. The evidence showed an assignment of said mortgage to four named persons reciting a consideration of $8,320, and dated June 15, 1954. Also on the same day an assignment of the mortgage by those four persons to plaintiff Hagwood, reciting a consideration of $8,920. Also on that day a quitclaim deed was executed by Annie V. Brown and Ethel B. Caudill, both single, to plaintiff reciting a consideration of $2,000. The evidence showed that these two last named persons were the mother and sister, respectively, of W. H. Brown, deceased, and were his only heirs at law. Said Brown had been married, but a decree of divorce had been rendered before he died.

Defendant, Buzzanca, claimed title under a purchase by him at an auction sale on June 15, 1954, by the United States District Director · of Internal Revenue, followed by a deed dated July 7, 1955, executed after the period of redemption had expired. This sale was for a tax assessment, as shown by a notice thereof filed in the probate office on May 24, 1954 (the day after Brown died), of "all property

and rights of property belonging to said taxpayer".

█ The chief controversial question in the court below, as alleged by appellant in brief, is the true execution and validity of the mortgage under which plaintiff claims the property. Appellant does not claim that his purchase at the tax sale is superior to the mortgage if the mortgage was executed by W. H. Brown and his then wife as it purports to be. As stated above, the mortgage was dated June 22, 1951 and was recorded June 28, 1951. The tax lien dates from the time the assessment list is received by the collector of internal revenue as provided by section 3670 of the Internal Revenue Code, 26 U.S.C.A. § 3670. United States v. Scovil, 348 U.S. 218, 75 S.Ct. 244, 99 L.Ed. 271. The record shows two sets of such assessment lists: one set stating that they were received May 24, 1954 (the day after Brown died), and the other set stating that they were received January 21, 1954, before Brown died.

Appellant's brief asserts there are two questions which present themselves for our consideration, as follows:

"One: May a plaintiff in ejectment recover $1700.00 damages for deterioration and rental where there was no evidence of the rental value of the property sued for?

"Two: When a trial judge states in the presence of the jury and during a hotly contested case to counsel for appellant '* * * if there was any scaring, it might have helped your client more than anybody' * * * and * * * '* * * if they talked maybe it might have been doing him a favor * * *,' and similar remarks with the attitude disclosed thereby, does that amount to such conduct as to be a reversible comment on the evidence, an invasion of the province of the jury, and were they, taken in the aggregate, of such a nature that

they might have unlawfully influenced the jury in the verdict returned?"

■ There is only one ruling which is assigned as error, i. e., the overruling of appellant's motion for a new trial. That is a good assignment to review the ruling in respect to any ground set out in the motion in proper form, which is argued on appeal. Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358(8).

We observe that there are grounds of the motion for a new trial pointing out the two contentions stated above. So that, those contentions are properly presented by the assignments of error and in brief.

■ When a mortgage on land is in default and not foreclosed, the continued possession of the owner of the mortgaged land is not as a trespasser, but a tenant at will, Hughes & Tidwell Supply Co. v. Carr, 203 Ala. 469, 83 So. 472, or sufferance as the case may be. Buchmann v. Callahan, 222 Ala. 240, 131 So. 799. And in the absence of assertion of ownership by the mortgagee after law day, the mortgagee is not entitled to claim mesne profits for use and occupation. Zeidman v. Homestead Savings & Mortgage Co., 221 Ala. 386, 129 So. 281; Leeth National Bank v. Elrod, 233 Ala. 340(7 and 8), 172 So. 104; Coon v. Henderson, 242 Ala. 144(7), 5 So.2d 397; Pridgen v. Elson, 242 Ala. 230, 5 So. 2d 477.

■ Since a mortgagee before foreclosure cannot recover of the mortgagor, or one holding under his right, for mesne profits or for rent of the land until he has made demand or given notice of his claim, that item would not be here recoverable except for the period existing since this suit was begun (August 27, 1954) in which such claim was made. There is no proof on which to base the amount of that claim in this suit.

■ The other contention made by appellant, to which we have here referred, relates to certain observations made by the trial judge in ruling on objections to evidence. We find that apparently they were made to counsel and were merely expressive of the reason for his ruling. We think they are not subject to the contention made, and manifest no prejudice or error for which there should be a reversal.

We think the judgment for damages is excessive and should be reversed on that account and for no other. Therefore, if appellee shall remit the amount of all damages included in the judgment within thirty days, the judgment should in other respects stand affirmed, section 811, Title 7, Code. But if the damages are not so remitted within thirty days, the judgment should be reversed and the cause remanded.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed conditionally.

LIVINGSTON, C. J., and SIMPSON, GOODWYN and SPANN, JJ., concur.