141 So.2d 210

LUMBER FABRICATORS, INC.

v.

APPALACHIAN OAK FLOORING & HARDWOOD CORP.

7 Div. 671.

Court of Appeals of Alabama.

March 13, 1962.

Rehearing Denied May 8, 1962.

W. W. Watson, Fort Payne, for appellee.

Beck & Beck, Fort Payne, for appellant.

PRICE, Judge.

This is an appeal by defendant from a judgment in favor of plaintiff. The complaint is on the common counts for $320.76, due by account and for merchandise, goods and chattels sold.

We will not set out the testimony in detail, since no question as to the sufficiency of the evidence to support the verdict is presented. Appellant assigned as error the court's action in overruling its motion for a new trial. In Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315, the court said:

"A general assignment of error on appeal grounded on the refusal of the trial court to grant a motion for a new trial is sufficient to invite a review of the ruling on the basis of any ground well stated in the motion and properly argued by appellant;"

See also Roan v. McCaleb, 264 Ala. 31, 84 So.2d 358; Buzzanca v. Hagwood, 265 Ala. 404, 91 So.2d 703; Iverson v. Phillips, 268 Ala. 430, 108 So.2d 168. There is no argument in brief directed to the grounds of the motion which challenge the insufficiency of the evidence to support the verdict. The assignments of error pertaining to the refusal of the affirmative charge were not referred to in brief, North British & Mercantile Ins. Co., Limited v. Sciandra, 256 Ala. 409, 54 So.2d 764.

It is the plaintiff's (appellee) contention that in December, 1956, it had orders from defendant for flooring to be shipped to Carlton Vaughan at Tilson Park Sub-division, DeKalb County, Georgia. At the same time it had orders from defendant for lumber for Michael Russell, Atlanta, Georgia. The lumber was shipped by plaintiff's truck. The driver was unable to find anyone at the Vaughan job site and was informed by defendant's Atlanta representative that Mr. Vaughan was out of town and could not be located to accept delivery. Since the Russell flooring was under the Vaughan flooring on the truck the driver telephoned his employer for instructions and was told to unload the correct footage to fill the Russell order out of the Vaughan flooring and to return the balance to plaintiff. When the driver arrived at the Russell job Mr. Russell asked for the entire amount of lumber on the truck which was ordered for Vaughan. The driver again telephoned his employer for instructions. Plaintiff's sales manager, Mr. John L. Lynn, Jr., placed a long distance call to Duncan Baxter, defendant's purchasing agent, and was given authority by Mr. Baxter to deliver the flooring to Mr. Russell. The plaintiff so instructed its driver and the Vaughan shipment was released to Russell. At that time Michael Russell was constructing houses which were furnished to him by the defendant.

It is the defendant's argument in brief that the flooring ordered for Vaughan was delivered, if delivered at all, through error to a man named Russell and that the defendant never authorized the delivery to Russell. Mr. Baxter denied on the trial that he had talked to plaintiff's manager on the telephone concerning this transaction. Defendant also contends that Michael Russell was not an employee of defendant, but was merely its customer.

The plaintiff introduced in support of its case carbon copies of its sales invoices Nos. 3907 and 3908 to the defendant for flooring for Carlton Vaughan and carbon copies of the matching delivery manifests. The grounds of defendant's objections interposed to the introduction of these exhibits were that they were carbon copies and no demand was made on defendant to produce the originals, and because they were hearsay evidence and self serving declarations.

Plaintiff's manager, Mr. John L. Lynn, Jr., testified the originals of the invoices were sent to the defendant and the carbon copies were retained by plaintiff for its files; that this is done in the regular course of business; that the delivery manifests are sent along with the shipment and are signed by the person receiving the lumber, and that the carbon copies of the manifests were returned to plaintiff in the regular course of business bearing the signature of "M. Russell" as shown on the copies.

A "carbon copy" is produced by placing a sheet of carbon paper between two sheets of paper, so that the same impression produces both the original and the carbon copy. See 6 Words and Phrases, p. 137; Engles v. Blocker, 127 Ark. 385, 192 S.W. 193. Carbon copies made in the regular course of business are admissible as primary evidence. Sovereign Camp, W. O. W., v. Hoomes, 219 Ala. 560, 122 So. 686.

The record contains certain correspondence between the parties which was introduced by plaintiff, without objection. Excerpts from the letters which are pertinent are here set out. A letter of date Jan. 11, 1957, written by the defendant to the plaintiff states:

"Through error, you delivered the oak flooring for our job numbers 6470 and 6471 for Carlton Vaughan to Michael Russell in Atlanta. Mr. Russell has used all of the flooring except 500 bd. ft. and Mr. Vaughan has still not received his flooring."

On April 12, 1957, defendant wrote the plaintiff:

"In reply to your letter of April 5, 1957, we wish to advise you that we feel we should be relieved of the responsibility of paying your invoices No. 3907 and No. 3908."

"The oak flooring shown on these invoices was delivered to the wrong job. Since we have not been able to charge our customer for the flooring, we feel our liability to you is released."

On November 27, Fred Johnson, defendant's chief accountant replied to plaintiff's letter of November 15, 1957:

"I have received all of the correspondence in this matter and I will attempt to restate our position once again."

"First of all, if you will review your copy of our purchase orders regarding the two invoices in question, you will note that the shipping orders clearly stated that delivery of these orders were to be made direct to our customer, Mr. Carlton Vaughan. These deliveries were, however, made to Mr. Michael Russell * * *."

Defense counsel argues in brief:

"Some of the letters seem to imply that the lumber was actually delivered, but after corresponding for some time, it was discovered that the plaintiff had never delivered the lumber in question either to Vaughan or to Russell."

To support this argument reference is made to the following letter from R. D. Baxter to defendant, dated April 22, 1957:

"Mr. MaCoy Griffin, our accountant, has passed to me your letter of April 18, 1957, in which you stated that I authorized you to deliver Carlton Vaughan's flooring to Michael Russell.

"The first I knew of this delivery to the wrong customer was when Mr. Vaughan complained of not receiving the flooring. I ordered Vaughan's flooring from another company.

"Mr. Griffin contends we should not pay for flooring delivered to the wrong address, unless the receiver (Mr. Russell, in this instance) admits receipt of the flooring. The receiver refused to pay for it or produce it, saying he did not possess it."

Plaintiff's reply to Mr. Baxter's letter is as follows:

"Your letter of April 22nd regarding the shipment to Michael Russell surprises me since we had two telephone conversations regarding this transaction.

\* \* \* \* \* \*

"Nevertheless, we have the answer to the whole problem without question. Enclosed you will find copies of the delivery tickets which is evidence that Mr. Russell did receive the flooring by his own signature. This should be sufficient for you to remit without further delay."

We are of opinion the jury was authorized to infer from the Baxter letter, as well as the other letters which are in evidence without objection, that there was no actual controversy between the parties as to the ordering of the lumber for Vaughan and its delivery to Russell, but that the real dispute was as to whether or not such delivery to Russell was authorized by defendant.

We think the carbon copies of the invoices were admissible as primary evidence, and were properly admitted as memoranda of the transactions, made at the time and in the usual course of business. Title 7, Sec. 415, Code 1940; Yarbrough et al. v. Armour & Company, 31 Ala.App. 287, 15 So.2d 281. If it be conceded, which we do not, that the court erred in admitting the copies of the delivery manifests bearing the signature of M. Russell, it was error without injury to defendant, in view of the admissions contained in defendant's letters set out herein. Supreme Court Rule 45, Code 1940, Title 7, Appendix.

■ The defendant assigns as error the overruling of its objections to these questions propounded by plaintiff to witness Lynn:

"Q. Was the flooring listed on that invoice delivered by you for Lumber Fabricators, Inc?

and

"Q. Now, do you know whether at the time this flooring was delivered to Michael Russell that he was constructing houses furnished to him by L F I?"

No objection was interposed until after the witness had given responsive answers to the question. Smith v. Lawson, 264 Ala. 389, 88 So.2d 322.

■ Assignments of error 8 and 10 relate to rulings of the trial court in sustaining plaintiff's objections which came after answers were made. The questions and answers are as follows: (1) Question by defendant to plaintiff's witness Lynn:

"Q. Yes. So it was called to your attention very shortly after that?

"A. Yes."

(2) Question by defendant to its witness Baxter:

"Q. Did you receive any pay from Mr. Russell or Mr. Vaughan for Plaintiff's Exhibit 3 and 1, which are in-voices for the Carlton Vaughan flooring?

"A. No."

Appellant's insistence that the court committed reversible error in sustaining the objections because they came too late is without merit. No motions to exclude the answers were made by the plaintiff, and defendant was not deprived of this testimony. The sustaining of an objection to a question after it is answered does not have the effect of excluding the answer unless a motion to exclude is made and granted and the testimony remained in the case for the consideration of the jury. See 88 C.J. S. Trial § 133, p. 268.

■ Assignment of error 9 is likewise without merit. Complaint is made that the court sustained the plaintiff's objection to this question asked the witness Baxter:

"Q. You ever receive any pay from Mr. Russell for the invoices that have been introduced in evidence?"

The record shows an objection by defendant and a colloquy between counsel for plaintiff and defendant, but fails to show a ruling by the court.

Assignment of error 12 relates to the overruling of defendant's objection to a question propounded by plaintiff to its witness. The objection was interposed after the witness had answered the question. Smith v. Lawson, supra.

■ Assignment No. 13 involves the propriety of the court's action in overruling the defendant's objection to this question propounded to plaintiff's witness Lynn, after being recalled as a witness:

"Q. On job 6613 that has 1706 feet in it was an order from L F I to deliver that much to Michael Russell?"

The witness answered "Yes."

If there was error in the admission of this testimony it was error without injury.

Defendant's witness Baxter had testified on cross-examination without objection that Lumber Fabricators, Incorporated had given Appalachian Oak Flooring Company an order to deliver 1706 feet of flooring to Michael Russell on job # 6613. Error, if any, in the admission of evidence is harmless where substantially the same evidence has been admitted previously without objection. Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110.

Assignment of error 15. The following question propounded to plaintiff's witness Lynn was not objectionable as calling for hearsay or self-serving testimony:

"Q. Were the two loads of lumber originally designated to Carlton Vaughan substituted for the delivery of that 1706 feet on job #6613?"

The judgment is affirmed.

Affirmed.