204 So.2d 501

**Robert Lee THOMAS**

v.

**George L. WARE.**

**6 Div. 194.**

Court of Appeals of Alabama.

Nov. 21, 1967.

Mead, Norman & Fitzpatrick, Birmingham, for appellant.

Zeanah & Donald, Tuscaloosa, for appellee.

**CATES, Judge.**

Thomas appeals from an automobile negligence judgment against him with $1,000 awarded to Ware by verdict.

**I.**

The first assignment of error is for the court's overruling Thomas's motion for new trial.

In Thomas's brief this assignment is argued under a varied number of points. Argued alone with reference to this assignment is the contention "that the verdict and judgment thereon cannot be sustained by the evidence, but instead is contrary to the great weight and overwhelming preponderance of all the evidence in the case which is worthy of any credit whatsoever."

In opposition, appellee, Ware, argues that there was a conflict in evidence. Appellee has not accepted appellant's Statement of Facts.

■ Appellee, Ware, testified that appellant drove his car onto U. S. Highway 11 at a corner which had a "Stop" sign for traffic entering from a side road. Ware said that he saw Thomas enter U. S. 11 without stopping then turn left and proceed toward him.

Ware further testified that Thomas left his lane and came toward the Ware vehicle. Ware swerved to his right but Thomas nevertheless ran into his car with the impact occurring in the southbound (Ware's) lane. Another car coming up behind Thomas overtook Thomas and hit the Thomas car but not Ware's.

We consider that the evidence narrated in the briefs was sufficient to support the court's submitting the case to the jury and find no error on this point in the trial judge's not setting aside the verdict. Cobb v. Malone, 92 Ala. 630, 9 So. 738 (hn. 3).

**II.**

Citing Bradford v. Birmingham Electric Co., 227 Ala. 285, 149 So. 729, and Mutual Life Ins. Co. v. Mankin, 223 Ala. 679, 138 So. 265, appellant would put the trial judge in error (Assignment No. 3) for refusing a motion to exclude.

Ware, the plaintiff, testified on direct:

"My muscles in my back and also ribs and left side were very badly bruised and sprained and strained."

The motion was "to exclude his medical conclusion in this regard."

■ Perhaps under the *Bradford* case, supra, Ware's use of the adverb "very" was, indeed, an invasion of the realm of expert testimony. However, since the motion did not single out the offending testimony from the admissible, there was no error in overruling it. Hrabowski's Ex'x. v. Herbert, Daniel & Co., 4 Ala. 265.

Appellee, in brief, also notes that substantially the same evidence (R. 29) was admitted earlier without objection citing Lumber Fabricators, Inc. v. Appalachian Oak Flooring & Hardwood Corp., 41 Ala. App. 570, 141 So.2d 210. Harvey Ragland Co. v. Newton, 268 Ala. 192, 105 So.2d 110 (hn. 4).

We consider this assignment does not present reversible error.

### III.

Assignment of Error No. 4 is based on the denial of a motion for mistrial.

The ground for the motion rose from a volunteered unresponsive remark of Ware while on cross-examination. Ware, in describing the repairs to his car, stated that he "was under the impression that Mr. Thomas's insurance was going to pay for it."

A motion to exclude or strike would have been well put either on the ground of nonresponsiveness or because of illegality of referring to insurance.

■ However, not all such references are beyond remedy on a proper instruction to the jury. Wagnon v. Patterson, 260 Ala. 297, 70 So.2d 244.

■ The entry of a mistrial is not lightly to be undertaken. Since the law presumes the present jury as good as a future one, the entry should be only a last resort, as in cases of *otherwise* ineradicable prejudice.

■ "Mistrial" has been defined by this court in Long v. City of Opelika, 37 Ala. App. 200, 66 So.2d 126, wherein Judge Price said:

"* * * The term 'mistrial' aptly applies to a case in which a jury is discharged without a verdict. * * *

" 'In legal effect a mistrial is equivalent to no trial at all, and is declared because of some circumstance indicating that justice may not be done if the trial continues. The word is not ordinarily used to indicate a *mere erroneous ruling of law,* but generally is used to specify such fundamental errors in a trial as to vitiate the result.' 58 C.J.S., Mistrial, page 834." (Italics added.)

Our Code reflecting the ancient practice of a motion to withdraw a juror, Martenhoff v. Wilken, 246 App.Div. 884, 284 N.Y. S. 865, provides in Title 30, § 100:

"§ 100. The courts or presiding judges in all cases of jury trial may discharge the jury without giving a verdict, with the consent of all parties to the trial, or without the consent of the parties, when in the opinion of the court or judge there is a manifest necessity for the discharge, or when the ends of justice would otherwise be defeated. In all cases, in which the jury is discharged, without a verdict, a mistrial shall be entered upon the minutes of the court, assigning the reason or cause for the mistrial; and no person shall gain any advantage by reason of such discharge of the jury."

■ We note that in § 100, supra, the terms "manifest necessity" and "the ends of justice would otherwise be defeated" are used. These standards are stronger against a presumption of error than those employed in Supreme Court Rule 45, where *probable* injury to a substantial right of a party is the yardstick.

■ We expressly hold that a motion for mistrial—which implies a miscarriage of justice if the trial goes on—does not in-

clude either a motion to strike out or exclude testimony as a lesser prayer for relief. We rest this holding on the language in Clark v. Hudson, 265 Ala. 630, 93 So.2d 138 (hn. 7).

### IV.

On the day of trial plaintiff, Ware, amended his complaint to enlarge his claim for damages so as to claim for the loss of the use of the car in his business.

Assignment No. 5 claims error in the court's denying a continuance because of surprise.

■■■■ This element of damages, counsel for Ware, pointed out to the trial judge was available for Thomas's exploration through pretrial interrogatories. We consider the amendment was clearly permissible under Code 1940, T. 7, § 239. Damages are but just compensation fixed between parties which flow from a cause of action. The instant amendment alleged no new tort or other wrong.

### V.

■■■■ Assignment of Error No. 6 claims that an objection to the time needed for repairs on a substitute car should have been sustained until first shown to have been a reasonable time. There was no error in overruling this objection. Bates v. General Steel Tank Co., 36 Ala.App. 261, 55 So.2d 213 (hn. 5), shows that the objection was premature.

### VI.

■■■■ Assignment of Error No. 7 concerns an objection (R. 66) which lacks a clear ground to invoke the trial judge's consideration. The answer sought to be elicited was characterized as "speculative."

The question asked was:

"Q Will you explain to the Court and jury the arrangement, or what consideration, or the payment you made for the use of that automobile for that period of time?"

We fail to find error in overruling this objection in the form used, which we set out below. Lester v. Jacobs, 212 Ala. 614, 103 So. 682 (hn. 10). "The Court is not required to cast about for the proper objection."

### VII.

■■■■ Following the above question, we find in the record, pp. 66–67:

"MR. NORMAN: We would object to that, if the Court please, not the rental, regular rental basis, or anything of that kind, that could be brought into this Court; it would be speculative and—

"THE COURT: Overruled.

"MR. NORMAN: We except.

"A I put two tires on the car, had the front end aligned, an oil change, and filter, and an air filter, a total of approximately $65.00.

"MR. NORMAN: Now, we move to exclude this as not being the sort of answer which is the—it is just some arrangement between him and his brother. If he undertook to repair a car, that is not a rental of the car.

"MR. ZEANAH: He can testify to what he paid for the use of it.

"THE COURT: I will overrule.

"MR. NORMAN: It has to be reasonable, if the Court please.

"Q What was the amount—

"MR. NORMAN: Did the Court rule? I am sorry; I did not hear.

"THE COURT: Yes, I overruled.

"MR. NORMAN: We except.

"Q What was the amount that you paid in that manner for the use of that car?

"A Approximately $70.00.

"MR. NORMAN: We move to exclude it on the grounds given to the immediately preceding question.

"THE COURT: Overruled.

"MR. NORMAN: We except.

"Q And was that a reasonable charge for the use of that car during that period of time, in your opinion?

"MR. NORMAN: We object to that as not properly predicated, not shown that he is qualified in that regard; it shows on its face it was not a rental charge, but he had something repaired to use his brother's car. We object to the question as being incompetent, irrelevant, and immaterial.

"THE COURT: I will overrule. I think he can tell what did happen.

"MR. NORMAN: He is asking him if it is reasonable, if the Court please, is the question.

"MR. ZEANAH: You may answer.

"MR. NORMAN: We except.

"A I thought so.

"Q All right. And how many miles, approximately, did you put on that car in that period?

"MR. NORMAN: We object to that as incompetent, irrelevant, immaterial, and illegal.

"THE COURT: Overruled.

"MR. NORMAN: We except.

"A Approximately two thousand."

We think, under the authorities cited in McElroy, Evidence (2d Ed.), § 128.11, there was no error in overruling Thomas's motion to exclude this testimony. Farm Industries Div. of Quaker Oats v. Howell, 39 Ala.App. 131, 95 So.2d 808 (hn. 2).

## VIII.

We consider the other assignments argued (No. 10 and No. 11) are without merit to the degree of raising points of reversible error.

The judgment below is due to be

Affirmed.