Lee Ann Bryant (insured), the defendant in this declaratory judgment action, appeals from a final determination that State Farm Fire and Casualty Insurance Company (State Farm) is not obligated to her under a valid and effective policy of insurance. We affirm.
On January 1, 1982, a fire completely destroyed a house owned by Bryant. She filed a claim for the loss with State Farm, her homeowners insurer. State Farm denied the claim and filed this action, seeking a determination that it was not obligated to pay the loss because Bryant voluntarily and intentionally had set fire to the house and concealed from State Farm material facts relating to the loss. The insured filed a counterclaim for breach of contract and also a claim for damages for the insurer's bad faith refusal to pay the claim. The case proceeded to trial, and the trial court directed a verdict in favor of State Farm on the bad faith claim. The declaratory judgment and breach of contract issues were submitted to the jury. The jury returned a verdict in favor of State Farm on its complaint and against the insured on her counterclaim. The insured appealed.
First, the insured claims that the trial court abused its discretion in allowing testimony about the results of a polygraph test administered to her. Her second allegation of error is that State Farm failed to establish by a preponderance of the evidence that the fire was of an incendiary origin and was set by her.
The polygraph test had been administered to Bryant in the course of the investigation into the fire. Apparently, the examiner determined by the test results that she was not telling the truth about the circumstances of the fire. There was no stipulation by the parties to admit evidence of the results of the test. In fact, Bryant had filed a pretrial motion in limine to limit any testimony about the test and its results. The court did not rule on this motion, but did state that before anyone produced evidence concerning the test, the court must be advised. At that time it would hold arguments outside the presence of the jury on the motion. *Page 183 
During the insured's cross-examination of Tom Copeland, State Farm's fire investigator assigned to the claim, Copeland revealed that the insured had failed the test and that this fact was material in State Farm's determination that she was linked directly to the fire and had concealed her involvement. The pertinent part of this cross-examination is as follows:
 "Q. [Mr. Mims] You have been advised. What proof, direct proof, do you have that Mrs. Bryant knew of the fire?
 "MR. P. RICHARDSON: We object to the use of the word, `direct proof,' Your Honor.
"THE COURT: Overruled.
 "A. [Tom Copeland] I'm not sure what you mean by direct proof.
 "Q. What proof do you have, direct proof, indicating that Mrs. Bryant knew her premises was going to be burned on January 1, 1982?
 "MR. P. RICHARDSON: We would renew the objection to the form of the question, as to the word, `direct proof.' The meaning of it is unclear and uncertain.
 "THE COURT: Mr. Mims, he has said he doesn't understand what you mean by direct proof. Maybe you ought to explain it to him.
 "Q. Well, what I mean is, sir, did you find any person or documentation that indicated that Mrs. Bryant knew of the burning of her residence on January 1, 1982?
 "A. I have been advised by the Huntsville Fire Department that she failed a polygraph.
"MR. MIMS: Your Honor —
"THE COURT: You asked him.
 "MR. MIMS: Your Honor, at this time I will have to respectfully ask for a mistrial — maybe we need an in camera hearing.
"THE COURT: Overrule your motion."
This testimony was substantially similar to another line of questions and answers that occurred later in this cross-examination.
Bryant argues that in the courts of this state evidence of a polygraph test and its results are inadmissible unless the parties and the court follow the procedures set out by the Court of Criminal Appeals in Wynn v. State, 423 So.2d 294
(Ala.Cr.App. 1982). This is correct, but that is not before us. The only ruling before us is the trial court's refusal to declare a mistrial when the witness responded to the insured's question.
State Farm, in its brief, correctly analyzed the situation. We quote its argument:
 "There was no motion to exclude or strike the testimony of the witness, rather there was a motion for mistrial. The burden to reverse the trial court for refusal of a motion for mistrial is much higher than that for refusal of a motion to exclude or strike. In Thomas v. Ware, 44 Ala. App. 157, 204 So.2d 501 (1967), the Alabama Court of Appeals held that a motion for mistrial does not include a motion to exclude or strike testimony and that the motion for mistrial should be granted only as a last resort, `as in cases of otherwise ineradicable prejudice.' State Farm notes that the Ware decision involved an unresponsive, volunteered comment reflecting that the Defendant in a suit arising out of an automobile accident had insurance coverage. State Farm notes that here, the Court is presented with testimony which was responsive to the question and elicited by counsel for Defendant Bryant on cross-examination of the witness. The question, then, is whether Defendant Bryant may complain of the admission of the responsive answer of a witness to Defendant's own ambiguous question.
 "In Madison Highlands Development Co. v. Hall, 283 Ala. 333, 216 So.2d 724 (1968), this Court affirmed the refusal of a motion to exclude an answer clearly based on hearsay, noting that the answer was responsive to the question posed. The Alabama courts have uniformly held that, if an answer is responsive, it may not be excluded or stricken on motion. Holifield v. State, 347 So.2d 559 Ala.Cr.App. *Page 184 
1977). Robinson v. State, 383 So.2d 572
(Ala.Cr.App. 1980). Further, where the question posed is ambiguous, the latitude for responsiveness of the answer is necessarily broader. Robinson v. State, supra.
In conclusion, we add that in the absence of a motion to strike or exclude the witness's answer and a ruling by the trial court on the motion, there is nothing for this Court to review. Starr v. Starr, 293 Ala. 204, 301 So.2d 78 (1974). See, also, cases cited under Rule 46, Alabama Rules of Civil Procedure, Vol. 23, Ala. Code 1975.
Bryant directs us to the testimony of Leon Greene, the polygraph examiner, and claims that Greene's testimony about statements made by Bryant during the examination is also inadmissible. Greene repeated statements made by Bryant which are inconsistent with Bryant's trial testimony. He did not reveal to the jury that these inconsistent statements were made in the course of the examination or that Bryant was being monitored when she made them. There were no indications that the statements were connected in any way with the polygraph test. The trial court allowed Greene's testimony to impeach Bryant by this evidence of her prior inconsistent statements. This was proper.
Bryant also challenges the sufficiency of the evidence to support the verdict. She argues that the evidence creates only an inference that she set the fire, or caused another to do it, and this inference alone cannot support the verdict.
We have read the record and there is sufficient evidence to support the jury's verdict for State Farm on this question. Ron Schrimsher, assistant fire marshal for the City of Huntsville, and Tom Copeland, both experts in the area of fire investigation, described "burn patterns" which they found on the floor of the house. They testified that, in their opinion, this indicated that the fire had been accelerated by the use of some type of flammable liquid. According to them, someone poured puddles of gasoline on the floor of the house and on some of the furniture, and then set the thermostat on a gas heater at a low setting. Eventually, the house filled with fumes, which were ignited when the heater finally turned on. Pieces of carpeting and floorboards were analyzed and were found to contain gasoline. An empty gasoline can was found outside the house in the yard. The possibility that the fire was electrical in origin was ruled out by Russell Jackson, an engineer, who inspected the remains of the house.
Tom Copeland admitted he had no clear and direct evidence in his file at State Farm that Bryant had set the fire, but he did have circumstantial evidence, which served as the basis for the insurer's refusal to pay the loss. He testified that, in addition to the above information about the origin of the fire, he had information that Bryant was not making enough money to cover all her debts, which included two mortgages on the house. She was not behind on any payments, but she was receiving money from her mother. He stated that he also considered the fact that she had had someone take her poodle, which had been her pet for seventeen years, from the house. He has found, after ten years of investigating suspicious fires, that before people set fire to their homes, they often remove their most prized possessions and pets from the premises. He also thought it was odd that Bryant did not return home the night of the fire to meet and accompany her live-in boyfriend Greg Butler to a New Year's Eve party held at the home of his relative. Bryant testified that her car was not operating properly, so she stopped at a friend's house to spend the night. Nonetheless, Copeland questioned why she did not make an effort to spend New Year's Eve "with someone [she] cares about and loves." The final consideration was her failure on the polygraph examination.
From this evidence, there is at least a reasonable inference that Bryant, personally or through someone else, set fire to her house. This is enough to allow the issue to be submitted to the jury and to support a verdict in favor of State Farm. Great *Page 185 Southwest Fire Ins. Co. v. Stone, 402 So.2d 899 (Ala. 1981).
The judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and MADDOX, JONES and BEATTY, JJ., concur.