Samuel was indicted and convicted of the murder of Jacob Carl Atnip, by shooting him with a pistol, in violation of §13A-6-2, Code of Alabama 1975. He was consequently sentenced to life imprisonment. Because Samuel does not contest the sufficiency of the evidence, a recitation of the facts surrounding the offense is not necessary.
Samuel argues on appeal that the trial court committed reversible error by allowing a witness to testify that, on the night of Mr. Atnip's murder, Samuel was seen in possession of $158 or $178. He predicates such error on the general rule that "the fact of a person's possession of money, without some fairly reasonable indication that the money was acquired from the particular source of the now-charged crime, is not provable for the purpose of showing that the accused acquired it from such particular source." C. Gamble, McElroy's Alabama Evidence
§ 50.01 (3d ed. 1977).
The specific testimony in question is that of Mr. Bogue, the service station attendant who sold gas and cigarettes to Samuel on the evening of the murder. The alleged objectionable testimony is as follows:
"Q Are you sure [Samuel] paid for the gas?
"A Yes.
"Q How do you remember that?
"A I remember —
"MR. BARKSDALE; Your Honor, I object.
"THE COURT: Overruled.
. . . .
"Q Was there any change left out of what he gave you?
"A Yes, sir.
"Q What did he do with the change?
"A Gave it to me. Told me to keep the change.
"Q Did he tell you anything else?
"A Yes, sir.
"Q What did he say?
 "MR. BARKSDALE: Your Honor, I object again at this time. *Page 252 
"THE COURT: Overruled.
"Q What did he say, Mr. Bogue?
 "A He said that they had sold a good bit of tires over there that day, and he pulled out to pay for the gas and he had a hundred —
"MR. BARKSDALE: Your Honor, I object at this time.
"THE COURT: Overruled.
"Q Go ahead, Mr. Bogue.
 "A He had a hundred dollar bill and two or three twenties, a ten and a five and three ones.
"Q He had a handful of money?
"A Yes.
 "MR. BARKSDALE: Your Honor, I object in that characterization that the District Attorney made and ask the Court to instruct the jury not to regard that.
 "THE COURT: Well, I think the jury can decide from the testimony what the witness has said. Any statement by the attorneys, ladies and gentlemen, as I told you at the very beginning of the trial, is not evidence and not to be considered as evidence."
We find that these general objections to Mr. Bogue's testimony did not preserve the issue now raised. A general objection which does not specify grounds preserves nothing for review unless the ground is so obvious that the court's failure to act constitutes prejudicial error, e.g., Lawrence v. State,409 So.2d 987 (Ala.Crim.App. 1982), or unless the objected to matter is clearly not proper for any purpose, e.g., McGinnis v.State, 382 So.2d 605 (Ala.Crim.App.), cert. denied,382 So.2d 609 (Ala. 1980). Neither exception to the rule that an objection must fairly and specifically point out the particular grounds on which error is alleged to have occurred is present in the instant case.
At the conclusion of the direct examination of Mr. Bogue, Samuel again objected to his testimony concerning Samuel's possession of $158 or $178, as follows:
 "Your Honor, at this time, we want to move for a mistrial on the grounds that we have already — the motion in limine has already been granted about mentioning the money and we think it is highly prejudicial and has no probative value and we move for a mistrial."
The motion in limine referred to by Samuel's counsel as ground for the mistrial motion had been granted prior to the State's presentation of its case. Samuel's "MOTION IN LIMINE REGARDING THE SUM OF $359.00 TAKEN FROM THE DEFENDANT UPON HIS ARREST" and the attached supporting briefs exclusively addressed Samuel's possession of $359 at the time of his arrest, except for a single statement at the conclusion of an attached brief: "Defendant also respectfully requests this Court that the Court instruct the State to instruct their witnesses not to mention the sum of money that Terry Samuel had with him or was found on him before and at the time of his arrest." Although this one sentence of the attached brief refers to Samuel's possession of money prior to his arrest, it is too vague, indefinite, and general to have called to the trial court's attention the particular evidence now challenged. A motion in limine should indicate with specificity the objectionable matter to enable the trial court to determine its admissibility under the issues delineated or under those issues which might develop; a broad-based motion which leaves the trial court to speculate about the object of the motion may be insufficient to preserve subsequent error which is not called to the trial court's attention. Banner Welders, Inc. v. Knighton, 425 So.2d 441, 446
(Ala. 1982). "The motion should be used, if used at all, as arifle and not as a shotgun, pointing out the objectionablematerial and showing why the material is inadmissible andprejudicial." Blaylock v. State, 411 So.2d 1299, 1301
(Ala.Crim.App. 1982) (quoting State v. Garrett, 183 N.W.2d 652
(Iowa 1971). The trial court was at no time notified of any possibly objectionable evidence pertaining to Samuel's possession of a sum of money except the possession of $359 at the time of his arrest. Because neither Samuel's motion inlimine nor any argument of counsel in the record apprised the trial court of the *Page 253 
challenged evidence, we can not construe the trial court's ruling on Samuel's motion to have prohibited the disclosure of Samuel's possession prior to arrest. Indeed, a review of the trial court's comments clearly indicates that his ruling pertained solely to the fact of Samuel's possession of $359 at the time of arrest. This conclusion is further apparent in the court's response to Samuel's motion for mistrial, as follows:
 "I granted the Motion in limine to show — that the State could not show that he was in possession of money when he was arrested. The mere fact that he was apprehended with money on him did not apply to the situation that we have just covered and I deny the motion for mistrial."
Hence, the trial court's granting of Samuel's motion in limine
did not provide adequate grounds for Samuel's mistrial motion, since the disclosure of the challenged evidence was not prohibited by the court's ruling. Accordingly, the trial court properly denied Samuel's motion for mistrial on this ground.
If we liberally construe the mistrial motion to present the additional ground that such testimony was highly prejudicial and without probative value, we still deem Samuel's motion to have been properly denied. A high degree of "manifest necessity" for granting a mistrial must be demonstrated before a mistrial should be granted. Woods v. State, 367 So.2d 982
(Ala. 1978); Ala. Code § 12-16-233 (1975). "[T]he entry should be only a last resort, as in cases of otherwise ineradicable prejudice." Thomas v. Ware, 44 Ala. App. 157, 161, 204 So.2d 501
(1967). Counsel asked for no other remedial action, such as a motion to strike or an instruction to the jury. In light of the overwhelming evidence supporting Samuel's guilt and the specific testimony that, prior to Mr. Atnip's murder, Samuel had stated he was going to rob and kill Mr. Atnip, we fail to see that the objectionable evidence was so prejudicial as to hold that the trial court clearly abused its discretion.
The judgment of the circuit court is affirmed.
AFFIRMED.
All the Judges concur.