298 So.2d 630

**John E. GARNER**

v.

**STATE.**

**3 Div. 250.**

Court of Criminal Appeals of Alabama.

May 7, 1974.

Rehearing Denied June 4, 1974.

Elno A. Smith, Jr., Montgomery, for appellant.

William J. Baxley, Atty. Gen., and David W. Clark, Asst. Atty. Gen., for the State.

DeCARLO, Judge.

John E. Garner was convicted of buying, receiving, and concealing stolen property and sentenced to seven years.

Danny Vitch and Mike Sewell saw John E. Garner about 10:30 P.M. on October 14, 1972. The appellant and another man were dressed as painters and were sitting in a white Rambler stationwagon parked in the Vitch driveway. The backyard where the driveway was located adjoined the front yard of the house at 1714 Washington Avenue.

Danny Vitch asked the appellant what he was doing and was told the car seat was broken. Appellant and his companion drove off, but were later seen parking on the corner of Washington Avenue. They both got out of the car and went into the house at 1714. Shortly thereafter they came out carrying a green carpet which was placed in front of the house near the street. Garner walked back to the stationwagon and drove it to the front of the house where the carpet was loaded.

Danny Vitch testified the lighting was adequate, but he was unable to get the license number as they drove away because the carpet obstructed his view. In court, he identified Garner as the one taking the carpet, but stated the appellant's hair was long, and he did not have a moustache at the time.

Mike Sewell recognized the accused because of his funny ears and sharp face.

Officer L. D. Cox testified that after Vitch and Sewell identified the appellant from pictures, he went to Garner's house and found the carpet. Cox further stated that before the preliminary hearing, the two boys pointed to accused and said he was the man.

Mrs. Howard, owner of the dwelling on Washington Avenue, identified the carpet at appellant's home and later at the trial, as that taken from her house.

Garner's wife testified that a man in a cut-down panel truck brought the carpet to their home sometime in November, 1972, and sold it to her husband for $100.

Appellant denied taking the carpet, but admitted buying it from an anonymous person.

He also stated he had acquired the habit of having a crewcut while in the Marines, and for the last ten years had always worn a moustache. This testimony was confirmed by his wife and three other defense witnesses.

Garner admitted that he had received sentences for theft of government property and for violating the Dyer Act, and had been fined $50 for a fraudulent check.

I

Appellant insists the trial court erred in not granting a mistrial when the District Attorney asked this question:

"MR. HANEY: Did they ever look at the mug shots?

"MR. SMITH: Objection, Your Honor.

"THE COURT: Yes.

"MR. SMITH: And we ask for a mistrial right now.

"THE COURT: Wait a minute. Disregard that statement, ladies and gentlemen of the jury: motion is overruled."

We believe that if any prejudicial effect resulted from the District Attorney's remark, it was removed by the court's prompt action. Myhand v. State, 259 Ala. 415, 66 So.2d 544.

II

It is next contended that the trial court committed error in allowing testimony of statements made by a third party outside the presence of appellant.

The complained of statements were made during this testimony by Detective L. D. Cox:

(By Mr. Haney)

"Q   And you are referring to that court room down there of the City of Montgomery?

"A   Yes, sir.

"Q   And the two boys were seated on the front bench, is that correct?

"A   They were sitting near the front, on the right hand side.

"Q   And what did they come up and tell you?

"MR. SMITH: Objection, Your Honor: hearsay.

"MR. HANEY: He went into the question.

"THE COURT: Now, wait a minute: what is this—

"Q   (By Mr. Haney)   What did this Danny Vitch tell you?

"MR. SMITH: We object again: it would be hearsay, Your Honor.

"THE COURT: Overruled.

"Q   (By Mr. Haney)   What did Danny Vitch tell you?

"A   He told me that Mr. Garner, he pointed to him back there, was the man that he saw taking the carpet."

Defense counsel argues that this testimony concerning statements made by Danny Vitch was inadmissible and not subject to any exception of the hearsay rule.

This contention by appellant is without support. Our study of the record reveals this cogent testimony by Danny Vitch:

"BY MR. HANEY:

"Q   When you saw him in person, did you identify him; is that correct?

"A   Yes, sir.

"Q   And you are positive that that's the man?

"A   Yes, sir.

"Q   And you picked his picture out of the pictures; is that correct?

"A   Yes, sir.

"Q   And then after you saw him in person, you positively identified him; is that correct?

"A   Yes, sir.

"MR. HANEY: No further questions.

"THE COURT: Come down.

"FURTHER RECROSS
EXAMINATION

"BY MR. SMITH:

"Q   When did you see him in person?

"A   The first time I saw him in person was the first time we went to Court."

■   Under the circumstances, appellant will not be heard to complain. The subject matter asserted as error was already before the jury. Bush v. State, 282 Ala. 134, 209 So.2d 416; Seals v. State, 282 Ala. 586, 213 So.2d 645.

### III

■   The final insistence of error occurred when the court during its oral charge gave the following instruction on unexplained possession of stolen goods:

"Now, under the law in Alabama, as I understand it, and I am charging you to that effect: if this was stolen property, and if you are satisfied beyond a reasonable doubt it was stolen, and that it was in the possession of the Defendant, then the burden—that is the presumption of guilt—arises from the unexplained possession of that carpet or of that property.   Now, was his explanation to this jury satisfactory to you, and did he ex-

plain to your satisfaction his possession, and how he came into possession of this property? Was that explanation reasonable and satisfying to your mind of his possession of this property? The burden of explaining his possession, if he fails to make reasonable explanation, a presumption of guilt would arise which would support a conviction. That's the question, ladies and gentlemen of the jury, that addresses itself to you, and its for your determination."

Appellant's exception was reserved in this manner:

"MR. SMITH: Yes, we except to the oral charge, and we cite as our authority Roland Graham vs State. There is no presumption of fact that he stole them —that he possessed them—that he was guilty in this case, and it does not shift the burden on the Defendant to prove his innocence; but the law maintains that he is innocent until the State proves him guilty beyond a reasonable doubt and to a moral certainty."

Although defense counsel is correct in his analysis of this charge, and his argument has found support in the Alabama Supreme Court's recent decision in Buckles v. State, 291 Ala. 352, 280 So.2d 814, we are compelled to follow that rule announced in innumerable decisions of our appellate courts that, in order to put the court in error upon its oral charge, the reserved exception must designate and set out the particular part of the charge to which the exception is directed. Brock v. State, 28 Ala.App. 52, 178 So. 547; Robinson v. State, 38 Ala.App. 315, 82 So.2d 815; Wilcutt v. State, 41 Ala.App. 25, 123 So.2d 193.

The exception as reserved was not sufficient to invoke our review.

We have searched the record and no error was found.

Affirmed.

CATES, P. J., and TYSON and HARRIS, JJ., concur.