BOWEN W. SIMMONS, Retired Circuit Judge.
A jury convicted appellant-defendant of robbery for which he was indicted: the Court adjudged him guilty and fixed punishment at 15 years imprisonment. Appellant was an indigent and took an in forma pauperis appeal.
Appellant’s first contention is that there is insufficient evidence to justify the conviction. We have read the entire record and consider this contention to have no merit.
It appears that the victim of the robbery operated a store for the sale of automobile parts.
The victim and his wife were present in the store when two persons, one of whom was identified as defendant, entered the building at the front door which had a sounding apparatus on it when the door was opened. One of the defendants had a sawed off gun which he presented and demanded money that the victim gave him forthwith. They ordered the victim to go to the back of the store, where his wife was and made them both lie down on the floor. The two robbers then made their escape.
Mr. Ware, the victim, could not identify defendant in the line-up, but later seeing him at a preliminary, testified that he was one of the two who entered the front door and aided in the robbery.
Mrs. Ware, who said she was standing about 20 feet to the rear of the counter, upon which the cash register was sitting, to which point both alleged robbers came, positively identified the defendant after viewing him for a very short while.
Defendant took the stand and testified that he was at the house of a friend the afternoon at 5 o’clock when the robbery occurred and denied any participation. Mrs. Manning, the matron of the house, testified that she was at home all the afternoon and that defendant was also there playing cards with her son.
However, an officer testified that Mrs. Manning related her whereabouts to him and that she told him she was at another place and was not at home when the robbery occurred at 5 o’clock p. m. The evidence as to the alibi was conflicting. The jury resolved the issue against defendant. We will not disturb the jury verdict.
A second contention of error is addressed to a question to Sergeant Wade, a police officer, by the District Attorney and his answer both as follows:
“Q Do you know when David Griffin was arrested?
“A He was arrested on the 31st of December for buying and receiving and concealing stolen property.”
The defendant objected and the court sustained the objection. We quote as follows:
“MR. WATKINS: I’m going to object to this, Judge, unless that arrest has something to do with this case.
“THE COURT: Sustained.”
Appellant, in his motion for a new trial, asserts that the court erred in not excluding the voluntary answer from the jury.
It appears that appellant did not, following this sustention, move for an exclusion of *430 the voluntary answer. In the absence of such motion and an adverse ruling thereon, there is nothing for this Court to review. Willingham v. State, 261 Ala. 454, 74 So.2d 241(5).
A final contention of error is that the identification of defendant at the preliminary was so suggestive that it violated defendant’s right to due process and resulted in reversible error.
It appears in the record that the victim failed to identify defendant in a line-up, but did identify him at the preliminary hearing — as he entered the building. This testimony was adduced on cross-examination.
During the progress of this cross-examination, supra, defendant moved for a mistrial. This motion was overruled. There was no motion to exclude.
We hold that defendant was not entitled to a mistrial. We pretermit saying what ruling the trial court should have made to an objection or a motion to exclude the testimony of the victim with respect to the defendant’s identity. Suffice it is that a motion for a mistrial was not the proper way of eliminating the evidence from the consideration of the jury. The evidence was not ineradicable from the minds of the jury.
It is to be noted that ground six of the motion for a new trial is predicated on a statement “that the court erred by not excluding or suppressing the testimony of the victim . . with regard to the positive identification of the defendant at the preliminary hearing.”
But as we have already observed, supra, there was no motion to exclude or suppress such testimony (adduced on cross-examination) but only a motion for a mistrial.
Sufficient evidence of defendant’s guilt was adduced to justify a denial of defendant’s motion to exclude all the evidence.
We find no error to reverse. The judgment of guilt is affirmed.
The foregoing opinion was prepared by the Honorable Bowen W. Simmons, a retired Circuit Judge, serving as a Judge of this Court, under the provisions of § 6.10, of the new Judicial Article (Constitutional Amendment No. 328); his opinion is hereby adopted as that of the Court.
AFFIRMED.
All the Judges concur.