One of the two issues expressly presented on appeal was first raised in the trial court by a motion for a new trial. It was alleged therein that the verdict and judgment convicting defendant of burglary and grand larceny should be set aside on the ground, inter alia, as follows:
 "23. That the foreperson of the jury is an Assistant Attorney General of Alabama and therefore ineligible to serve as a juror in this cause and prevented the defendant from having a fair, just and impartial trial."
It is argued by appellant that he was "misled" by the statement made by the particular juror that she was an "attorney," in response to a question by the court as to the occupation of each of the jurors from whom the jury to try this case was selected; it is further argued that defendant did not know that the juror was assistant attorney general of Alabama until some time after the trial. We cast no shadow whatever on such contention in emphasizing our function to look to the record, and only to the record, as to what occurred in the court below. Neither in the motion for a new trial nor in any other part of the record is there any claim, contention or showing of any kind, that defendant did not know prior to the selection of the jury that said juror was an assistant attorney general.
The rule to govern us is succinctly stated in Williams v.State, Ala., 342 So.2d 1328, 1329, as follows:
 "We state the rule thusly: A motion challenging the composition of a grand jury, a petit jury, or qualifications of individual jurors, filed after the commencment of trial, must allege, and proof must show, that grounds for the motion were not known to the defendant before he went to trial, or that he could not have known them by exercising due diligence." (emphasis supplied).
Whether the trial court would have granted the motion for a new trial if there had been an allegation and proof that defendant had been misled is not for us to say, but in the absence of such allegation and proof we are precluded from holding that the trial court erred in overruling the motion for a new trial.
The only other insistence of appellant is that the court erred in denying a motion for a mistrial under circumstances as follows:
 "Q Now the next day, did you have an occasion to show the group of pictures to Mrs. Vinson?
 "A Yes, sir, they had both said that it was Frank Herman Smiley that had burglarized their residence; and just to be positively sure, I was going to take a `mug shot' lineup.
 "MR. MEANS [Defendant's attorney]: Objection, Your Honor; and I move for a mistrial.
"THE COURT: Overruled. *Page 471 
 "MR. POOL [State's attorney]: I ask that `a mug-shot' be stricken, Judge.
"THE COURT: It's out.
 "Q (By Mr. Poole): Did you carry a group of pictures out there?
"A Yes, sir.
"Q And did Mrs. Vinson view that group of pictures?
"A Yes, sir.
 "Q And was Frank Herman Smiley's picture in that group of pictures?
"A. Yes, it was."
The use of the expression "mug shots" or the like in referring to pictures taken of a defendant should be avoided but, in the absence of extraordinary circumstances not shown here, is not of such a highly prejudicial nature as to require a mistrial. We so held in Garner v. State, 53 Ala. App. 209,298 So.2d 630, 631, cert. denied 292 Ala. 721, 298 So.2d 633
(1974). In Garner, the prosecuting attorney used the term. Neither the prosecuting attorney nor the prosecutor used the term mug shot in the instant case. It is found in an answer to a witness for the prosecution, and the prosecuting attorney promptly moved that the term be stricken, and the trial judge effectively excluded it by saying, "It's out." Its action does not constitute prejudicial error.
Defendant vigorously denied his guilt, testifying that the witnesses for the State could have easily mistaken him for another well known person in the community, and further testifying that he was not at the premises burglarized when the burglary occurred. Other witnesses corroborated his alibi claim. Witnesses for the State were positive in their identification of him. A jury question as to this guilt was presented by the evidence, and there is no contention to the contrary.
We have found no error in the record prejudicial to appellant. The judgment of the trial court should be affirmed.
The foregoing opinion was prepared by Retired Circuit Judge LEIGH M. CLARK, serving as a judge of this Court under the provisions of § 6.10 of the New Judicial Article (Constitutional Amendment No. 328). His opinion is hereby adopted as that of the Court. The judgment below is hereby
AFFIRMED.
All the Judges concur.