The three count indictment charged Charles Tucker with the unlawful sale of prohibited liquor contrary to the Alabama statute. The cause was tried before the Circuit Judge who found the appellant "guilty as charged" and assessed a fine of five hundred dollars and costs. In addition, the trial court sentenced the appellant to one year in the county jail, which sentence was suspended and the appellant placed on probation for two years on the condition that he not sell or be convicted of any liquor law violations within the said two year period.
William T. Dickson, an ABC agent from Tuscumbia, was working undercover with ABC Agent Fray Tyra and Deputy Sheriff Frederick in Marion County March 10-11, 1980. Mr. Dickson testified that he had been shown photographs of the appellant and directed to attempt to make a purchase by driving to the Tucker residence in Marion County. As directed, on March 11, 1980, Dickson purchased a six pack of Miller beer from Charles Tucker at his residence and made a positive in court identification of Tucker. Agent Dickson then drove to an agreed meeting place with Agent Fray Tyra where he delivered the six pack, which they then took to the sheriff's office, where the same was kept pending trial.
Agent Tyra testified that he had shown photographs of the appellant to Agent Dickson and shown him the location of the Tucker residence prior to March 11, 1980. Agent Tyra corroborated Agent Dickson's testimony concerning the purchase of the beer and the taking of same to Deputy Jimmy Frederick on March 11, 1980 following the purchase.
Deputy Sheriff Jimmy Frederick identified the six pack of Miller beer which had been in his possession since delivery by the two ABC agents on March 11, 1980, and identified the contents as Miller beer in open court.
The appellant took the stand and denied ever having seen Agent Dickson or making the sale to him on March 11, 1980, or any other time, and stated that he was not at home on the date in question.
 I
The appellant asserts that the trial court committed reversible error in not granting him a trial by jury in this cause. The record discloses no request or other written motion anywhere within the transcript, except that on the date of the trial, November 19, 1980, appellant's counsel made a motion in open court for a jury trial and stated that the applicable provisions of Alabama law concerning trial without a jury in misdemeanor cases was "unconstitutional".
The offense in question is governed by the provisions of §15-14-30, Code of Alabama 1975, which reads as follows:
 "In all misdemeanor cases in the circuit court, the issues and questions of fact shall be tried by the judge of the court without the intervention of a jury except in cases where a trial by jury is demanded *Page 419 
in writing by the defendant. Such written demand shall be filed in the case with the clerk of the court on or before the first sounding of the case if the case is sounded within 30 days after the defendant has been arrested or taken into custody after the finding of the indictment, or, within 30 days after the defendant has appealed if the case is brought to the circuit court by appeal; and, if such case is not sounded within 30 days after the defendant has appealed, been arrested or been taken into custody after the finding of the indictment, then such written demand must be filed with the clerk within 30 days after the defendant has appealed, or been arrested or taken into custody after the finding of the indictment. A failure to demand in writing a trial by jury as provided in this section shall be held and deemed to be a waiver by the defendant of a trial by jury. (Acts 1915, No. 820, p. 939; Code 1923, § 8598; Code 1940, T. 15, § 321.)"
As may be seen the above Code Section requires that a demand in writing be filed with the circuit court within thirty days of the appellant's arrest or being taken into custody, following indictment or within thirty days after the appellant has appealed his case from inferior court to circuit court. No such demand appears anywhere in the record in this cause. Thus, the trial court was correct in trying this cause without a jury. Matthewsv. State, 23 Ala. App. 330, 125 So. 200 (1929). See also Jones v.State, 27 Ala. App. 306, 171 So. 759 (1936); and Holloway v.State, 38 Ala. App. 501, 88 So.2d 700 (1956).
 II
Appellant next asserts that the trial court committed error in denying his motion made in open court just prior to trial that he not be required to sit at counsel table, but on the contrary be permitted to sit elsewhere within the courtroom, because his presence at counsel table would aid the state's witnesses in his identification at trial. This precise issue was decided byMcCullough v. State, 40 Ala. App. 309, 113 So.2d 905, cert. denied, 269 Ala. 698, 113 So.2d 912 (1959). In McCullough, Judge Cates quoted from 23 C.J.S. Criminal Law § 976, and then offered the comment shown following the quote below:
 "The place where the accused shall sit during the trial is within the discretion of the court. Generally, his proper place is behind the bar in the prisoner's dock if he is in custody, and near his counsel within the bar if he is on bail. It has also been held, however, that in either case he has the right to sit by his counsel during the trial."
 "As a general rule, during his trial, one indicted for a felony has, with respect to his seating in the courtroom, three basic rights: (1) To be present at all stages of the trial; (2) to be confronted with, and hence be able to hear, the witnesses against him, and (3) the right of counsel which includes free access to his attorney." (Footnotes omitted).
There is no error in the trial court's ruling on this motion.
 III
Finally, appellant's counsel asserts that the identification by Agent Dickson in court should be suppressed because counsel did not have an opportunity to examine certain photographs which Agent Tyra had allegedly shown to Agent Dickson before Dickson went to the Tucker residence and made the purchase of the beer in question.
It is true that appellant's counsel filed a pretrial motion to compel disclosure, but such motion simply stated, "8. Photographs taken in connection with this case."
There were no photographs introduced in evidence in this case and for aught that appears in this record, none were taken at the scene or subsequently. No issue was made of this at trial, rather, Agent Dickson made a positive in court identification of appellant based upon his observation of the appellant at the time he made the purchase of the Miller beer at Tucker's residence.
Where as here the identification of the appellant has a source independent of *Page 420 
any photographs which may have been used in the identification process, then no error is shown by not requiring the production of the photographs used prior to the purchase to aid the state's witness in his identification of the appellant.
We have carefully considered the totality of the circumstances shown in this record, as required by Simmons v. United States,390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968) and are clear as to the conclusion that no error is shown with reference to the in court identification of the appellant. Childers v. State, Ala.Cr.App., 339 So.2d 597, cert. denied, Ala., 339 So.2d 601
(1976); Lomax v. State, Ala.Cr.App., 359 So.2d 832, cert. denied, Ala., 359 So.2d 836 (1978) and authorities therein cited.
We have examined this record and find no error. The judgment of the trial court is therefore affirmed.
AFFIRMED.
All the Judges concur.