The defendant was indicted and convicted for robbery in the first degree. Alabama Code Section 13A-8-41 (1975). After proper proof of three prior felonies, he was sentenced as an habitual offender to life without parole. Four issues are presented on appeal.
 I
The defendant had no constitutional right to counsel at a preindictment showup. Jackson v. State, 414 So.2d 1014, 1018
(Ala.Cr.App. 1982).
 II
The trial judge denied the motion to allow the defendant to sit among the spectators in the courtroom with other black males. This is a matter within the discretion of the trial judge. Tucker v. State, 398 So.2d 417, 419 (Ala.Cr.App. 1981);McCullough v. State, 40 Ala. App. 309, 312-13, 113 So.2d 905, cert. denied, 269 Ala. 698, 113 So.2d 912 (1959). In-court identifications of an accused are not rendered improper by the fact that the accused is the only member of his race present in the courtroom. "(T)he Government is (not) faced with the choice of providing a defendant with members of his race to sit with him or foregoing in-court identification." United States v.Moss, 410 F.2d 386, 387 (3rd Cir. 1969). The defendant had no right to an in-court lineup.
 III
Mobile policeman Mark Cook was properly allowed to testify that he was "made aware that there was a robbery in progress" through a "radio broadcast". Cook's testimony concerning the radio dispatch was used to explain the reason Cook stopped and arrested the defendant. It was not offered to prove the truth of the contents of the dispatch. As such, it was admissible and did not constitute hearsay. Cory v. State, 372 So.2d 394, 399
(Ala.Cr.App. 1979); Crews v. State, 375 So.2d 1291, 1294
(Ala.Cr.App. 1979).
 IV
The fact that Officer Cook observed one of the victims identify the defendant at the showup held shortly after the crime was committed is an independent fact to which he could testify just as to any other fact. *Page 329 Abercrombie v. State, 382 So.2d 614, 615 (Ala.Cr.App.), cert. denied, Ex parte Abercrombie, 382 So.2d 616 (Ala. 1980). This is an exception to the hearsay rule. Such testimony is limited for the purpose of identification and may not be considered as evidence of the truth of the matter asserted.
There are additional reasons why this alleged error will not work a reversal. The objection came too late as it was made only after the responsive answer was given. Lawrence v. State,409 So.2d 987 (Ala.Cr.App. 1982). Nothing is preserved for review as there is no ruling by the trial judge. Parker v.State, 406 So.2d 1036 (Ala.Cr.App. 1981). Prior testimony had already established the fact that both victims identified the defendant, thereby "curing" any error in the officer's testimony. Garner v. State, 53 Ala. App. 209, 298 So.2d 630, cert. denied, 292 Ala. 721, 298 So.2d 633 (1974).
The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.