The defendant was indicted and convicted for the first degree robbery of Iva Lynn Gilley. Sentence was twenty years' imprisonment. Two issues are raised on appeal.
 I
This robbery was committed by three men: the defendant, his twin brother Ronald, and Steve McCullars. Prior to trial, defense counsel made an oral motion to prohibit the State from "bringing out" any evidence of the fact of the brother's conviction or "anything about the sentence imposed." The trial judge indicated his agreement with the defendant's request.
On cross examination of Mrs. Gilley, the robbery victim, defense counsel attempted to impeach her with her testimony in Ronald's trial:
 "Q. At a previous trial of Ronnie Wadsworth, right here in this courtroom, did you testify that Ronnie Wadsworth was the man that appeared at your door?
"A. Yes."
Apparently, defense counsel also used a transcript of Ronald's trial in his efforts to impeach the victim's testimony at the defendant's trial. Counsel repeatedly established the fact that Mrs. Gilley identified Ronald at Ronald's trial for this robbery. *Page 792 
On redirect examination, the prosecution established, without objection, that Ronald and the defendant are twins, that the testimony used by defense counsel on cross examination was the testimony Mrs. Gilley gave "in a trial proceeding involving Ronnie Wadsworth for this same robbery", and that that trial was "tried to a conclusion."
The basis for the first issue on appeal occurred during the prosecutor's redirect examination of St. Clair County Sheriff's Deputy Luther McCain.
Deputy McCain had investigated the robbery. On cross examination, defense counsel elicited the facts that the deputy had arrested Ronnie "a couple of weeks" after the crime based on Mrs. Gilley's identification and that Ronald "was tried and prosecuted here based on her testimony."
Then on redirect examination of Deputy McCain by the prosecutor the following occurred:
 "Q. Mr. Robinson (defense counsel) referred to Ronnie Wadsworth being tried and prosecuted in this courtroom. Do you recall if that case was tried to a conclusion?
"A. Yes, sir.
 "Q. Do you know where Ronnie Wadsworth presently resides?
"MR. CHURCH (Defense counsel): Judge . . .
"THE COURT: He can consider it yes or no.
"A. I think so, yes, sir.
"Q. Where does he reside?
"A. In jail.
"Q. That's all."
Out of the presence of the jury, defense counsel requested a mistrial on the ground that the State "over my motion in limine that they not bring out the fact that Ronald Wadsworth was convicted in this Court."
The trial judge responded:
 "The question was where does he reside? I instructed the witness he could answer yes or no. He said, `I think I do.' He went further and ask(ed) him where, and as I understood he said `in jail'."
After additional argument, the judge overruled and denied the motion. Defense counsel made no further objection or request for curative instruction.
The defendant argues that the very sequence of the questions and answers provides the inference that Ronald was "tried, convicted and serving a sentence for the robbery." Although this inference can be drawn, the trial judge's response to the request for the mistrial indicates that he did not make that same conclusion.
A high degree of "manifest necessity" for the granting of a mistrial must be demonstrated before a mistrial should be granted. Woods v. State, 367 So.2d 982 (Ala. 1978); Alabama Code Section 12-16-233 (1975). "A trial judge is allowed the exercise of broad discretion in deciding whether that high degree of necessity is present." Woods, 367 So.2d at 984. An appellate court "will not interfere with the exercise of that discretion unless there is clear abuse of it." Woods, supra. This is because the trial judge "heard what transpired and has seen the scenario unfold. He is in a far better position to determine whether a jury should be discharged and a mistrial granted." Duncan v. City of Birmingham, 384 So.2d 1232, 1240
(Ala.Cr.App. 1980).
Whether an improper question, answer or remark is so prejudicial as to require a mistrial depends upon the issues, parties, and general circumstances of the particular case.Williams v. State, 245 Ala. 32, 36, 15 So.2d 572 (1944). "The entry of a mistrial is not lightly to be undertaken . . . (T)he entry should be only a last resort, as in cases of otherwise
ineradicable prejudice." Thomas v. Ware, 44 Ala. App. 157, 161,204 So.2d 501 (1967) (emphasis in original). A mistrial indicates more than a "mere erroneous ruling of law" and signifies such fundamental errors in a trial as to vitiate the result. Thomas, supra.
Here, we are of the opinion that the possible inference attributed to the series of questions and answers was not ineradicable. See Renfroe v. State, 382 So.2d 627 *Page 793 
(Ala.Cr.App.), cert. denied, Ex parte Renfroe, 382 So.2d 632
(Ala. 1980). Since the inference was eradicable, the trial judge correctly overruled the motion for a mistrial. Chillousv. State, 405 So.2d 58, 61 (Ala.Cr.App. 1981); Dickey v. State,390 So.2d 1177, 1178 (Ala.Cr.App.), cert. denied, Ex parteDickey, 390 So.2d 1178 (Ala. 1980); Nix v. State,370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, Ex parte Nix,370 So.2d 1119 (Ala. 1979); Griffin v. State, 364 So.2d 428, 430
(Ala.Cr.App. 1978); Van Antwerp v. State, 358 So.2d 782, 790
(Ala.Cr.App.), cert. denied, Ex parte Van Antwerp,358 So.2d 791 (Ala. 1978).
 II
State's witness McCullars testified that he and the defendant went inside Mrs. Gilley's house and robbed her while Ronald, the defendant's brother, waited outside in an automobile and served as a lookout.
On cross examination, defense counsel elicited McCullars' admission that he had also robbed the Brunsons. Defense counsel went into some of the details of that robbery and attempted to show that the witness had made a deal with the authorities in exchange for his testimony against the defendant.
On redirect examination by the prosecutor, the following occurred. This constitutes the basis for the defendant's second argument on appeal.
 "Q. Mr. Robinson had asked you about a robbery that you were involved in involving some people named Brunson. You said, you, in fact, participated in it. Is that correct?
"A. Yes, sir.
 "Q. Did anyone else assist or participate in that robbery with you?
"A. Yes, sir.
 "Q. Is there anybody in this courtroom today that helped or assisted you in that Brunson robbery?
"A. Yes, sir.
"Q. Would you point that person out?
 "MR. ROBINSON (Defense Counsel): I'm going to object to that Judge, and move for a mistrial.
"THE COURT: The objection is sustained.
 "MR. ABBOTT (Assistant District Attorney): I want to make an offer of proof. Mr. Robinson has made an issue about a Brunson robbery. The State takes the position that after he has opened it up, we are entitled to go into it ourselves. That is all I want to do.
"THE COURT: Your objection is sustained.
 "MR. ROBINSON: I would further make a motion for a mistrial on the ground he said the man was in this room. This man is on trial and he has not taken the stand. Even if he had taken the stand, there has been no indictment. We had a right to go into it with this man here.
 "THE COURT: Ladies and Gentlemen of the jury, any answer this witness gave in response to that last question is stricken from your consideration. Is there any member of this jury that cannot erase that from their mind? If you cannot erase it from your mind, raise your hand.
"(No response from the Jury)
"Your motion for a mistrial is overruled."
We find no error in the denial of the mistrial. The trial court sustained the objection, instructed the jury to disregard and polled the jury on their ability to follow his instructions. There is a prima facie presumption against error where the trial court immediately charges the jury to disregard improper remarks or answers. Davis v. State, 233 Ala. 202, 203,172 So. 344 (1937); Kelley v. State, 405 So.2d 728, 729
(Ala.Cr.App.), cert. denied, Ex parte Kelley, 405 So.2d 731
(Ala. 1981); Elmore v. State, 414 So.2d 175, 176 (Ala.Cr.App. 1982).
The judgment of the trial court is affirmed.
AFFIRMED.
All Judges concur. *Page 794