The appellant was convicted of child abuse and sentenced to five years' imprisonment. The court granted the appellant's application for probation, conditioned on a period of confinement at Bryce Hospital.
 I
The only question presented for review is whether, during the cross examination of the appellant, a statement by the prosecuting attorney was of such a prejudicial nature so as to be incapable of eradication by rulings and instructions from the trial court.
The pertinent part of the questions by the prosecution and the answers by the appellant is as follows:
 "Q. Did you pick up Kelvin Nathan because you were mad with your husband over an argument, and just throw him down?
"A. No, I did not throw him down.
"Q. You said you were going to kill him?
 "A. No, I did not. What I going to kill him for, when I didn't kill the other six I had?
"Q. One of them died. *Page 20 
 "A. Yeah, by pneumonia, and that wasn't none of my fault, at all." (R. 53)
On motion by the appellant, the trial court promptly admonished the jury to disregard the statement by the prosecution, but overruled the motion for a mistrial. The appellant contends that the interjection by the state of the death of another child, in a prosecution for child abuse, was prejudicial and the court's failure to grant a mistrial was an abuse of discretion and reversible error.
 II
The statement, although objectionable and otherwise improper, came after the appellant had herself interjected the issue concerning the death of her other child. Furthermore, on re-direct examination, the appellant testified in detail concerning the circumstances of the death of the other child, and the court properly sustained objections to further cross examination by the state on this point.
The general rule concerning prejudicial statements made by counsel during the course of trial and closing arguments is set forth in Allred v. State, 291 Ala. 34, 277 So.2d 339 (1973).
 "It is a general rule that where prejudicial statements are made in the heat of argument, even though improper, in accommodation of our adversary system, such statements are considered capable of being eradicated by the trial judge in sustaining objections thereto or by appropriate instructions to the jury or both." See also, Miller v. State, 431 So.2d 586 (Ala.Cr.App. 1983), and cases cited therein.
 III
The record reflects sufficient legal evidence from which the jury could find that the appellant was guilty of child abuse, as charged in the indictment. Although the testimony was conflicting, Brenda Smith, a witness called by the state, testified in substance that the appellant, during an argument with the father of the child, picked up the two-month-old baby and threw it down, the baby landing on its head (R. 35-37). A stipulation was entered into to the effect that the physician who examined the child on the morning of the incident would, if called as a witness, testify that the child appeared to be dazed and briefly unconscious as a result of the incident that took place. His diagnosis was that the child sustained a head injury, possibly a mild concussion, and was dazed and briefly unconscious (R. 45).
Since the statement by the prosecution came after the appellant had interjected the issue of the death of her other child, and in view of prompt action taken by the trial court, we cannot say that the objectionable statement was not capable of being eradicated from consideration by the jury.
We have carefully considered the entire record in this case, and find no error. The judgment of the trial court is due to be, and the same is, affirmed.
The foregoing opinion was prepared by Hon. Thomas N. Younger, Circuit Judge, temporarily on duty on the Court pursuant to §12-2-30 (b)(6), Code of Ala. 1975; the court has adopted his opinion as its own.
AFFIRMED.
All the Judges concur.