Kelvin Cole was indicted for robbery in the first degree and tried jointly with two codefendants. After conviction by a jury, he was sentenced as a habitual offender to life imprisonment. Two issues are raised on this appeal from that conviction.
 I
Cole contends that the trial court erred in denying his motion for a mistrial after a prosecution witness gave an unresponsive answer which implied that he had been previously arrested.
During direct examination of Lt. Dale Nix, an investigator with the Franklin County Sheriff's Department, the following occurred:
 "Q [By the District Attorney] So at some point in time did you obtain a photograph of Kelvin Cole?
 "A I obtained a photograph from Florence P.D. of Kelvin Cole.
 "Q Then did you have an opportunity to display a photo spread to [the victim] with a photograph of Kelvin Cole involved?
"A Yes, I did.
 "Q I show you what's been marked for identification as Defendant's Exhibit 1 and ask you if you recognize that exhibit?
 "A Yes, sir, that's the photo spread that I made up to present to [the victim].
"[Defense Counsel]: May we approach the bench?
"THE COURT: Yes.
"OUT OF THE HEARING OF THE JURY
 "[Defense Counsel]: We move for a mistrial at this time based on the fact the police officer testified he obtained a photo of Kelvin Cole from the Florence Police Department, and we say this would cast serious questions in the jury's mind as to whether Mr. Cole had been convicted of prior offenses, or due to the fact that normally you wouldn't consider folks to have their pictures at the police department unless they had been in some trouble and this violates the exclusionary rule.
"THE COURT: I'm going to overrule the objection.
"[Defense Counsel]: We except, Your Honor."
The trial then resumed in the hearing of the jury.
Subject to certain exceptions, evidence that the defendant has committed criminal acts other than the offense for which he is being tried is not admissible. See generally C. Gamble,McElroy's Alabama Evidence, § 69.01 (3d ed. 1977). It is clear that none of the exceptions to this general rule is applicable in this case, and there is no contention otherwise by the State. Instead, the State argues that Cole failed to preserve this issue for review, as the answer complained of was given prior to any objection by Cole and, thus, the "question was asked and answered." The first question quoted above, however, was innocuous, in and of itself, calling only for a simple yes or no answer. There was no reason for Cole to object to thequestion. It is an unresponsive answer with which we are concerned. Lieutenant Nix's voluntary disclosure of where he obtained the photograph was unsolicited and unresponsive. *Page 1095 
However, "[a] motion for mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court." Henry v. State, 468 So.2d 896, 901
(Ala.Cr.App. 1984), cert. denied, 468 So.2d 902 (Ala. 1985) (quoting Nix v. State, 370 So.2d 1115, 1117 (Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979)). Thus, the dispositive question in this case is whether any prejudice resulting from Lt. Nix's reference to photographs obtained from the "Florence P.D." could have been eradicated by action on the part of the trial judge.
We recognize that some comments may be so prejudicial that eradication is not possible. See Stain v. State, 273 Ala. 262,138 So.2d 703 (1961) (in a death case, unresponsive testimony by a police officer concerning defendant's shooting of two men in another state was ineradicable); Hines v. State,384 So.2d 1171 (Ala.Cr.App.), cert. denied, 384 So.2d 1184 (Ala. 1980) (In a rape case where the defense was mental and physical incapacity, unresponsive testimony by a State rebuttal witness regarding the defendant's sexual capacity was ineradicable.). However, this court has previously held that references to "mug shots" are capable of eradication. In Garner v. State,53 Ala. App. 209, 298 So.2d 630, cert. denied, 292 Ala. 721,298 So.2d 633 (1974), we held that any prejudicial effect flowing from the prosecutor's question "Did they ever look at the mug shot?" was removed by the trial court's prompt action in instructing the jury to disregard. In Smiley v. State,371 So.2d 469, 470-71 (Ala.Cr.App. 1979), a case very similar to the present case, we concluded that a police officer's unresponsive statement "I was going to take a 'mug shot' lineup," which was stricken by the trial court, was "not of such a highly prejudicial nature as to require a mistrial." The same conclusion was reached in Farley v. State, 437 So.2d 639
(Ala.Cr.App. 1983), even though the defendant declined the trial court's offer to instruct the jury to disregard a prosecution witness's unresponsive reference to "mug-shots." Cf. Reeves v. City of Montgomery, 466 So.2d 1041, 1045
(Ala.Cr.App. 1985), (If alleged comments, which the defendant construed as a reference to his having a prior conviction, "were in fact made by a juror, any prejudice resulting therefrom could possibly have been eradicated by a timely and proper instruction to the jury from the trial court."); Nathanv. State, 436 So.2d 19 (Ala.Cr.App. 1983) (In a child abuse case, any prejudice arising from comment by prosecutor that another of defendant's children had died was eradicated by trial judge's instruction to jury to disregard.); Floyd v.State, 412 So.2d 826, 830 (Ala.Cr.App. 1981) ("[T]he trial court's action in immediately instructing the jury to disregard the prosecution's vague reference to another unspecified crime cured any potential error prejudicing the appellant's case.");Diamond v. State, 363 So.2d 109 (Ala.Cr.App. 1978) (same).
The unresponsive portion of Lt. Nix's answer regarding his obtaining photographs of Cole from the Florence P.D. (and from which one must infer prior criminal activity) is similar to a reference to a mug shot. Thus, under Garner v. State, Smiley v.State, and Farley v. State, supra, this portion of Lt. Nix's answer could have been stricken and the jury instructed to disregard it, so that any prejudice to Cole would have been eradicated. Cole, however, made no motion to strike or exclude; he moved only for a mistrial. "A motion for a mistrial does not include either a motion to strike out or exclude testimony as a lesser prayer for relief. Thomas v. Ware, 44 Ala. App. 157,204 So.2d 501 (1967)." Van Antwerp v. State, 358 So.2d 782, 790
(Ala.Cr.App.), cert. denied, 358 So.2d 791 (Ala. 1978). "A mistrial does not serve the same function as a mere objection or motion to strike and is not ordinarily used to indicate a mere erroneous ruling of law." Diamond v. State,363 So.2d at 112. Where comments are subject to eradication, the trial court will not be put in error for failing to strike or exclude such comments in the absence of a request therefor by the defendant. See Singletary v. State, 473 So.2d 556, 573 (Ala.Cr.App. 1984).
Moreover, a mistrial should be granted only when a "high degree of 'manifest *Page 1096 
necessity' " is demonstrated, Wadsworth v. State,439 So.2d 790, 792 (Ala.Cr.App. 1983), cert. denied, 466 U.S. 930,104 S.Ct. 1716, 80 L.Ed.2d 188 (1984), as "[i]t specifies suchfundamental error in a trial as to vitiate the result," Diamondv. State, 363 So.2d at 112 (emphasis added). "[I]t is well recognized that the granting of a mistrial is within the sound discretion of the trial court, for he, being present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability to decide the defendant's fate fairly and justly." Shadle v. State, 280 Ala. 379,384, 194 So.2d 538, 542 (1967). Absent clear abuse, "[a]n appellate court 'will not interfere with the exercise of [the trial court's] discretion . . .' " Wadsworth v. State,439 So.2d at 792.
While Lt. Nix's unresponsive comment was clearly uncalled for, there has been no showing of the "high degree of 'manifest necessity' " required for a mistrial. Consequently, we find no abuse of the trial court's discretion in the denial of Cole's motion for a mistrial.
 II
Cole also asserts that the trial court erred in denying his motion for a mistrial after the prosecutor made certain prejudicial remarks during closing argument.
The following occurred during the prosecutor's closing argument:
 "[District Attorney]: I hope the defendants are glad he's alive today. I don't know that they are. I don't know if you noticed them during the trial —
 "[Defense Counsel for codefendant Ronnie Cole]: Judge, we object and move for a mistrial.
"OUT OF THE HEARING OF THE JURY
 "[Defense Counsel for codefendant Thomas Petty]: We object to the closing argument, or commenting on the evidence, or reasonable inferences from the evidence. Whether there's any remorse, or the attitude of the defendants has nothing whatsoever to do with the guilt or innocence.
 "[Defense Counsel for codefendant Ronnie Cole]: I would concur with the statement Mr. Beason gave on behalf of his client, Thomas Petty, and I would raise the same Motion for Mistrial and objections on behalf of my client, Ronnie Cole.
 "[Defense Counsel]: I join in their objections on behalf of Kelvin Cole, Your Honor."
Back in the hearing of the jury, the trial court promptly and forcefully instructed the jury to disregard the prosecutor's remarks. He then said:
 "I want to know if there are any of you who cannot disregard what has just been said by the District Attorney? Is there anyone who cannot put that out of your mind and completely and totally disregard that in your deliberation?
"No one answered.
 "THE COURT: I see no reaction from the jury. I take it by your silence, then, that you're telling the court that you will disregard the last comments in your deliberations. You are so instructed, and I expect you by your silence to follow the court's instructions."
On appeal, Cole contends that the district attorney's remarks (1) amounted to an improper expression of the district attorney's personal opinion of the guilt of the three defendants; (2) were highly prejudicial in that they called attention to his absence from the trial;[1] and (3) could be construed as a comment on his failure to testify. However, it is clear from the portion of the record set out above that, at trial, the objection to the prosecutor's comment was made only on the ground that it indicated a lack of remorse on the part of the defendants. "An objection on one ground waives all others. A defendant is bound by the grounds of objection he stated at trial and may not expand those *Page 1097 
grounds on appeal." Davis v. State, 440 So.2d 1191, 1194
(Ala.Cr.App. 1983), cert. denied, 465 U.S. 1083,104 S.Ct. 1452, 79 L.Ed.2d 770 (1984) (citations omitted). "The trial court cannot be placed in error on grounds not asserted. . . . The court was required to pass only upon the ground of the objection specified by the [defendant] and those not announced are waived." Griffin v. State, 500 So.2d 83, 89-90 (Ala.Cr.App. 1986) (quoting Johnson v. State, 421 So.2d 1306, 1311
(Ala.Cr.App. 1982)).
Moreover, the trial court sustained the objection, explicitly instructed the jury to disregard the comments, and questioned the jury to insure that these instructions could and would be followed. "There is a prima facie presumption against error where the trial judge immediately charges the jury to disregard improper remarks." Walker v. State, 428 So.2d 139, 142
(Ala.Cr.App. 1982). Accord, Thompson v. State, 525 So.2d 816
(Ala.Cr.App. 1984), affirmed on other grounds, 525 So.2d 820
(Ala. 1985), cert. denied, ___ U.S. ___, 109 S.Ct. 94,102 L.Ed.2d 70 (1988), and cases cited therein.
The principles set forth in Part I above regarding mistrials also apply here. Any prejudice resulting from the prosecutor's remarks was capable of being eradicated and was eradicated by the trial court's prompt action. Cf. Espey v. State, 270 Ala. 669,673-74, 120 So.2d 904, 907 (1960) (The prosecutor's remark that he expected certain evidence to show that, after an altercation involving a knife, the defendant drove by the murder victim, who "was lying out in plain view," and did not stop or offer assistance, was not "so grossly improper or highly prejudicial that neither retraction nor rebuke by the trial court would have destroyed its sinister influence");Myhand v. State, 259 Ala. 415, 421-22, 66 So.2d 544, 549-50
(1953) (The prosecutor's comments in closing argument, which included the statements, "These lawyers, deep down in their hearts, know that this defendant is guilty" and "I am sure you are not going to let the people in the community down; you are not going to let this crowd down," were improper, "[b]ut the trial court acted promptly in each instance to impress upon the jury that such statements should not be considered by them in their deliberation" and the appellate court was "clear to the conclusion that the clear and forceful manner in which such instructions were delivered effectively removed any prejudicial effect of such statements"); Montgomery v. State,446 So.2d 697, 702-03 (Ala.Cr.App. 1983), cert. denied, 469 U.S. 916,105 S.Ct. 291, 83 L.Ed.2d 227 (1984) (Where the prosecutor asked jurors during closing argument "to put themselves in the place of the victim" and, upon the defendant's objection, the trial court immediately gave curative instructions to the jury regarding the remark, there was "no ineradicable prejudice to [the defendant]."). Therefore, there was no error in the trial court's denial of the motion for mistrial.
For the reasons stated above, the judgment of the Franklin Circuit Court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] Cole absconded on the second day of trial, which continued without him. Before continuing with the trial, the trial judge stated that he would "not make any reference at this time to the absence of Kelvin Cole" and asked the district attorney to "instruct your witnesses not to refer to anyone who is missing, but just call them by name, everybody by name."