Robert Eugene Garnett, Jr., was convicted of the murder of Joseph Allen Hutchins and sentenced to imprisonment for a term of 45 years. Two issues are raised on this appeal from that conviction.
 I
There was no error in the denial of Garnett's motion for mistrial. This motion was made during redirect examination of Garnett's ex-wife, Deborah Lynn Faire, who testified as a prosecution witness.
Garnett and Ms. Faire were married at the time of the murder, but had been separated for a little over two weeks. During cross-examination of Ms. Faire, defense counsel asked a number of questions implying that Ms. Faire had become romantically involved with the victim prior to her separation from Garnett. During redirect examination, the following occurred:
 "Q. When you separated from the defendant on the 29th of May, did that have anything to do with Joey Hutchins [the victim]?
"A. No, sir.
"Q. What did it have to do with?
"A. Him, we didn't get along.
"Q. Had you ever separated from him before?
"A. Yes, sir.
"Q. Once or more than once?
"A. More than 10.
"Q. Are you afraid of Bobby Garnett?
"A. Yes, I am.
"Q. Why?
 "A. Because he is violent. He has hit me before. He has tore [sic] up things.
"[Defense Counsel]: Objection; she is narrating.
 "Q. Have you ever had him arrested before for striking you?
 "[Defense Counsel]: Objection. May we approach the bench."
There was then an off-the-record bench conference, followed by a conference out of the presence of the jury. During that second conference, defense counsel moved for a mistrial on the basis that the prosecutor's last question improperly placed Garnett's character in issue. The trial court denied the motion for mistrial, stating: "I will give some curative instructions for the jury to disregard anything about whether there was an arrest. . . ." Back in the presence of the jury, the trial judge explicitly and unequivocally instructed the jurors to disregard the prosecutor's question regarding an arrest. He also polled the individual jurors, each of whom affirmatively stated that they could disregard this question.
"A motion for mistrial should not be granted where the prejudicial qualities of the comment can be eradicated by action of the trial court." Nix v. State, 370 So.2d 1115, 1117
(Ala.Cr.App.), cert. denied, 370 So.2d 1119 (Ala. 1979) (quoted in Henry v. State, 468 So.2d 896, 901 (Ala.Cr.App. 1984), cert. denied, 468 So.2d 902 (Ala. 1985)). We have held in a number of cases that questions or comments similar to the question in this case are eradicable. See e.g., Nathan v. State,436 So.2d 19 (Ala.Cr.App. 1983) (in child abuse case, any prejudice arising from comment by prosecutor that another of defendant's children had died was eradicated by trial judge's instruction to jury to disregard); Floyd v. State, 412 So.2d 826, 830
(Ala.Cr.App. 1981) ("the trial court's action in immediately instructing the jury to disregard the prosecution's vague reference to another unspecified *Page 1155 
crime cured any potential error prejudicing the appellant's case"); Diamond v. State, 363 So.2d 109 (Ala.Cr.App. 1978) (same); Garner v. State, 53 Ala. App. 209, 298 So.2d 630, cert. denied, 292 Ala. 721, 298 So.2d 633 (1974) (any prejudicial effect flowing from the prosecutor's question "Did they ever look at the mug shot?" was removed by the trial court's prompt action in instructing the jury to disregard). We are of the opinion that any prejudice arising from this question, which was not answered, was both capable of eradication and was eradicated by the trial court's prompt action. See Blanco v.State, 515 So.2d 115, 121 (Ala.Cr.App. 1987); Woods v. State,460 So.2d 291, 295 (Ala.Cr.App. 1984).
Moreover, a mistrial "specifies such fundamental error in a trial as to vitiate the result," Diamond v. State,363 So.2d 109, 112 (Ala.Cr.App. 1978), and should be granted only when a "high degree of 'manifest necessity' " is demonstrated,Wadsworth v. State, 439 So.2d 790, 792 (Ala.Cr.App. 1983), cert. denied, 466 U.S. 930, 104 S.Ct. 1716, 80 L.Ed.2d 188
(1984). It is well settled that "the granting of a mistrial is within the sound discretion of the trial [judge], for he, being, present, is in a much better position to determine what effect, if any, some occurrence may have upon the jury's ability to decide the defendant's fate fairly and justly."Shadle v. State, 280 Ala. 379, 384, 194 So.2d 538, 542 (1967). Absent clear abuse, this court will not disturb the trial court's exercise of that discretion. Wadsworth v. State, 439 So.2d at 792. Garnett has made no showing of the "high degree of 'manifest necessity' " required for the granting of a mistrial. We therefore find no abuse of discretion in this case.
As part of this issue, Garnett argues that the prosecutor's question "characterized him as a wife-beater," and, along with certain questions posed to other witnesses, served only to prejudice him in the eyes of the jury, of which, he says, ten members were women. Aside from the fact that this argument was not advanced at trial and, consequently, cannot be asserted on appeal, see Griffin v. State, 500 So.2d 83, 89-90 (Ala.Cr.App. 1986), there is absolutely nothing in the record proper to indicate the gender composition of the jury. "This court is bound by the record and not by allegations or arguments in brief reciting matters not disclosed by the record." Moore v.State, 457 So.2d 981, 989 (Ala.Cr.App. 1984), cert. denied,470 U.S. 1053 (1985).
 II
Garnett asserts that the trial court erred in its oral instructions to the jury. The state maintains that Garnett is precluded from raising this issue on appeal because his objections to the oral charge were not timely made under Rule 14, A.R.Cr.P.Temp.
Immediately after concluding its oral charge and without following the usual practice of asking counsel if they had any objection to the charge, the trial court directed the jury to retire and begin its deliberations. The following then appears in the record:
 "[District Attorney: Judge the State is satisfied with the Court's charge.
"(The jury retired to commence deliberations.)
 "[Defense Counsel]: The defendant objects to the following statements made in the Court's charge to the jury. . . ."
Although we note that there is a split in authority as to whether an objection made at this point is, in fact, timely,[1] we need not resolve that question in this case. Even if we consider Garnett's objections to the oral *Page 1156 
charge to have been timely, the issue is still not properly before this court since the trial court never ruled on the objection. "The law in Alabama is well settled that a preliminary requirement in preserving appellate review consists of an objection and an adverse ruling." Pinkard v. State,405 So.2d 411, 416-17 (Ala.Cr.App. 1981) (emphasis added). Moreover, the grounds for objecting to the oral charge as advanced on appeal were either (1) not raised in the objections made at trial and, thus cannot be raised on appeal, see Kyserv. State, 513 So.2d 68, 72 (Ala.Cr.App. 1987); Davis v. State,440 So.2d 1191, 1194 (Ala.Cr.App. 1983), cert. denied,465 U.S. 1083, 104 S.Ct. 1452, 79 L.Ed.2d 770 (1984), or (2) not properly preserved for appeal in that there were no specific reasons given for the objections, as required by Rule 14,Kinder v. State, 515 So.2d 55, 62 (Ala.Cr.App. 1986); Gilmorev. State, 497 So.2d 577, 585 (Ala.Cr.App. 1986).
For the reasons stated above, the judgment of the Russell County Circuit Court is due to be, and it is hereby, affirmed.
AFFIRMED.
All Judges concur.
[1] Rule 14, A.R.Cr.P.Temp., clearly provides that objections to the trial court's oral charge must be made "before the juryretires to consider its verdict" in order to preserve any error therein for this court's review. While Rule 14 also contains a provision that "[o]pportunity shall be given to make the objection out of the hearing of the jury," (emphasis added), neither that rule nor any of the cases decided heretofore by this court or the Alabama Supreme Court specifically address the issue of whether the trial court must affirmatively grant a defendant an opportunity to voice his objections prior to the retirement of the jury. It does not appear from the reported facts that any of the cases decided heretofore by either court involved a situation where, as in the case at bar, the trial court directed the jury to retire and begin deliberating without providing the defendant with such an opportunity.
Rule 51, A.R.Civ.P.; Rule 51, Fed.R.Civ.P; and Rule 30, Fed.R.Cr.P, all contain provisions virtually identical to those of Rule 14 quoted above. Cases decided under these rules are split on the issue of whether the trial court has a duty to provide a party with an opportunity to object prior to the retirement of the jury. Compare Bernstein v. United States,234 F.2d 475, 483 (5th Cir.), cert. denied, 352 U.S. 915,77 S.Ct. 213, 1 L.Ed.2d 122 (1956) (indicating that the trial judge doesnot have any such duty); Solorio v. Atchison, Topeka Santa FeRy., 224 F.2d 544, 546 (10th Cir. 1955) (same); McLendon Pools,Inc. v. Bush, 414 So.2d 92, 95 (Ala.Civ.App. 1982) (same), with Schaffer v. United States, 221 F.2d 17, 22 (5th Cir. 1955) (indicating that the trial court does have such a duty);Swift v. Southern Ry., 307 F.2d 315, 320-21 (4th Cir. 1962) (same); Hetzel v. Jewel Companies, 457 F.2d 527, 535-36 (7th Cir. 1972) (same); Housing Authority of the City of Woonsocketv. Allard, 106 R.I. 7, 255 A.2d 158, 160 (1969) (same). InBush, 414 So.2d at 95, it was observed, "As we read Rule 51, A.R.C.P., the onus for objection is upon counsel. The rule does not require the court to initiate the opportunity to object, only that opportunity be given to make the objection out of the hearing of the jury. We conclude that if counsel fails to request the opportunity to object, the court will not be in error for not affirmatively offering it." However, in the latter cases, the courts did not hold that it is reversible error for the trial court to fail to give a party an opportunity to object, but, instead, treated the objection as timely made. See also C. Wright, A. Miller M. Kane, FederalPractice and Procedure: Civil § 2553, at 635 (1983) ("The court must give the parties an opportunity to object to the instructions before the jury begins deliberating. Although it is the better practice for the court to take the initiative in the matter and inquire if there are objections, it is not reversible error for the court to fail to provide an opportunity to object if counsel have not indicated a desire to make an objection.")