The Court granted Rodney Register's petition for a writ of certiorari to review the judgment of the Court of Criminal Appeals affirming his conviction on various sexual offenses. The issues presented are: (1) whether the trial court erred in allowing the prosecution to introduce evidence of other alleged sexual offenses occurring seven to nine years before the date of the offenses for which he was on trial; and (2) whether the trial court erred in denying Register's motion for a mistrial after a witness stated that *Page 13 
Register had begged her to have sex with him and another woman.
 Facts
Rodney Register was charged in two separate indictments with various sexual offenses against his two minor stepdaughters. Register was indicted in the first case for rape in the second degree, sexual abuse in the second degree, and two counts of sodomy in the second degree. In the second case, Register was indicted for sexual abuse in the first degree and two counts of sodomy in the first degree. The two cases were consolidated for trial; the jury convicted Register on all counts, except the rape count, on which the jury was unable to reach a verdict. Register was sentenced pursuant to the Habitual Felony Offender Act to life imprisonment without parole on his two convictions for first degree sodomy; to life imprisonment on his conviction for first degree sexual abuse and on both convictions for second degree sodomy; and to one year in the county jail on his conviction for second degree sexual abuse. All the sentences were to be served concurrently.
Register appealed, and the Court of Criminal Appeals affirmed the trial court's judgment of conviction and sentencing. Register v. State, 640 So.2d 3 (Ala.Crim.App. 1993). Register's application for rehearing was overruled, and Register petitioned for certiorari review.
 Collateral Sexual Misconduct
Register contends that the trial court erred in allowing the prosecutor to put on evidence of prior sexual offenses that were allegedly committed seven to nine years earlier against his natural daughter. Register argues that the judgment of Court of Criminal Appeals affirming his conviction conflicts with Ex parte Cofer, 440 So.2d 1121 (Ala. 1983), because he says there were no questions raised in his case relating to identity, motive, or physical capacity and yet the Court of Criminal Appeals held that the evidence of alleged collateral sexual misconduct was properly admitted to prove motive.
The Court of Criminal Appeals stated:
 "[T]he evidence of the collateral offenses [involving Register's natural daughter, L.R.] was being offered [by the prosecution] to show that [Register] had a specific modus operandi or method in which he perpetrated the sexual offenses. However, the plan, scheme, or design exception is an extension of the identity exception. . . . Because identity was not at issue in this case, L.R.'s testimony was not admissible under the plan, scheme or design exception."
640 So.2d at 6. However, the Court of Criminal Appeals noted that "[t]he fact that the prosecutor gave an erroneous reason in arguing for the admissibility of the evidence is unimportant when there is, in fact, a valid reason for admissibility." The Court of Criminal Appeals determined that "[t]he only exception under which L.R.'s testimony was admissible is the motive exception," and that "testimony offered for the purpose of showing motive is always admissible. . . to show that there was an influence, an inducement, operating on the accused, which may have led or tempted him to commit the offense." 640 So.2d at 6. (Citations omitted.)
It has been said that "courts seem more willing to admit evidence of collateral acts when sex crimes are involved, [and a] number of decisions have . . . approved the introduction of evidence of the defendants' sexual activity with persons other than the victim in carnal knowledge, rape and incest cases." Schroeder, Evidentiary Use in Criminal Casesof Collateral Crimes and Acts: A Comparison of the FederalRules and Alabama Law, 35 Ala. L.Rev. 241, 265-66 (1984). In the past, "proof of other sex crimes was always confined to offenses involving the same parties, but a number of jurisdictions now admit other sex offenses with other persons, at least as to offenses involving sexual aberrations."McCormick on Evidence § 190, at 560-61 (3d ed. 1984). (Citations omitted.) See, e.g., C. Gamble, Character Evidence:A Comprehensive Approach, at 45-46 (1987); Potts v. State,500 So.2d 1318 (Ala.Crim.App. 1986); Brumfield v. State,453 So.2d 1097 (Ala.Crim.App. 1984). *Page 14 
The question presented is whether evidence that a defendant has a passion or propensity for sexual misconduct is material and relevant as tending to establish the defendant's motive for perpetrating the crime for which he or she is being tried. We answer the question in the affirmative. The general rule of exclusion of such evidence is stated in Rule 404(a), Proposed Ala.R.Evid. (1993), presently being considered by this Court: "Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," but such evidence may be "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." See, C. Gamble,Character Evidence: A Comprehensive Approach (1987).
A trial judge, exercising sound discretion, should exclude such evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, Proposed Ala.R.Evid. (1993). The testimony naturally must overcome the hurdles of materiality, relevancy, and competency that confront all items of evidence.
"Motive is an inducement, or that which leads or tempts the mind to do or commit the crime charged." Spicer v. State,188 Ala. 9, 26, 65 So. 972, 977 (1914). Motive is "that state of mind which works to 'supply the reason that nudges the will and prods the mind to indulge the criminal intent.' " C. Gamble,Character Evidence, supra, at 42. "Furthermore, testimony offered for the purpose of showing motive is always admissible.
It is permissible in every criminal case to show that there was an influence, an inducement, operating on the accused, which may have led or tempted him to commit the offense." (Emphasis in original, citations omitted.) Bowden v.State, 538 So.2d 1226, 1235 (Ala. 1988).
As this Court stated in Bowden:
 "Thus, where as in [this case,] a defendant is charged with the first degree rape of his minor daughter, evidence establishing that he had raped and/or committed acts of sexual abuse toward her prior to or subsequent to the offense for which he is charged, is admissible to prove his motive in committing the charged offense. Such evidence tends to establish the inducement (i.e., unnatural sexual passion for his child) that led him to rape or molest her."
538 So.2d at 1235 (emphasis in original). In Lee v. State,246 Ala. 69, 18 So.2d 706 (1944), a case in which the defendant was prosecuted for carnal knowledge or abuse in an attempt to carnally know his daughter, the Court held that evidence of similar acts committed against his other three daughters was admissible. In Sellers v. State, 41 Ala. App. 612, 615,145 So.2d 853, 856 (1962), the court held that evidence of the defendant's sexual misconduct "was permissible to establish a pattern of promiscuous sexual behavior with children."
There is another reason why the evidence was admissible here. The record reveals that there was a resemblance between the sexual misconduct with which Register was charged and the prior collateral acts as to which evidence was admitted. Register's natural daughter, L.R., testified that Register's sexual abuse always began with massages. Likewise, Register's two stepdaughters testified that Register would massage them before sexually abusing them. Therefore, the testimony of Register's acts against his natural daughter "are so connected by circumstances with the particular crime in issue as that the proof of one fact with its circumstances hassome bearing upon the issue on trial other than to show the defendant's bad character or moral delinquency." Brasher v.State, 249 Ala. 96, 100, 30 So.2d 31, 35 (1947) (emphasis added) (citations omitted).
Under the facts of this case, we conclude that the trial court did not abuse its discretion in permitting evidence of Register's collateral sexual misconduct committed upon his natural daughter, because that evidence had some tendency to show that Register had a passion or propensity for unusual and abnormal sexual relations. See C. Gamble, CharacterEvidence, supra, at 45-46. *Page 15 
 Remoteness
The Court of Criminal Appeals discussed Register's argument concerning the remoteness of the offenses he allegedly committed against L.R. and stated, "The admission of evidence of any collateral offense occurring less than 10 years prior to the charged offense is within the discretion of the trial court." 640 So.2d at 9. In Cofer v. State, 440 So.2d 1116
(Ala.Crim.App.), rev'd in part on other grounds, 440 So.2d 1121
(Ala. 1983), the Court of Criminal Appeals stated:
 " 'Ordinarily, remoteness of time affects the weight and probative value of evidence rather than its admissibility. . . .' [Quoting Smitherman v. State, 33 Ala. App. 316, 318, 33 So.2d 396, 398 (1948).]
 "Remoteness of time alone does not render a prior, similar act or offense inadmissible. . . .
 "Where the competency of evidence is doubtful because of remoteness, the better practice is to admit the evidence, leaving it to the jury to determine its credibility and weight. . . .
 "While a span of ten years between acts bears close scrutiny, it is not beyond the pale of reason. . . ."
440 So.2d at 1118-19 (emphasis in original; citations omitted). We conclude that the trial court did not abuse its discretion by allowing the jury to hear testimony of alleged acts of sexual misconduct committed seven to nine years before the time of the offenses alleged in this case.
 Motion for Mistrial
Register also argues that the trial court erred when it denied his motion for a mistrial after the victim's mother stated during direct examination that Register begged her to have sex with him and another woman and that she just would not do it. Defense counsel immediately objected to the answer and asked that it be stricken from the record. The trial court sustained the objection and instructed the jury to disregard the statement. Defense counsel, claiming that the instruction was insufficient to remove the prejudice, moved for a mistrial. The trial court then asked the jurors whether any of them would have any trouble disregarding the remark, and none answered that he or she would. The trial court then denied Register's motion for a mistrial.
Register contends that, in this regard, the opinion of the Court of Criminal Appeals conflicts with Hines v. State,384 So.2d 1171, (Ala.Crim.App.), cert. denied, 384 So.2d 1184
(Ala. 1980); Morton v. State, 581 So.2d 562 (Ala.Civ.App. 1991); and Stain v. State, 273 Ala. 262, 138 So.2d 703 (1961).
In Stain and in Hines, the courts noted that some comments are so prejudicial that eradication is not possible. However, the Court of Criminal Appeals found the statement in this case to be comparable to other comments that the court had held were not so prejudicial that their prejudicial effect could not be eradicated. See, e.g., Garnett v. State, 555 So.2d 1153
(Ala.Crim.App. 1989); Nathan v. State, 436 So.2d 19
(Ala.Crim.App. 1983); Woods v. State, 460 So.2d 291 (Ala.Crim.App. 1984); Floyd v. State, 412 So.2d 826 (Ala.Crim.App. 1981);Garner v. State, 53 Ala. App. 209, 298 So.2d 630, cert. denied,292 Ala. 721, 298 So.2d 633 (1974). The Court of Criminal Appeals found no abuse of discretion on the part of the trial court in denying the motion for a mistrial. We see no abuse either.
Because we conclude that the trial court did not err in its rulings on these issues, we affirm the judgment of the Court of Criminal Appeals, which affirmed Register's conviction and sentence.
AFFIRMED.